Schock v. Falls City.

WILLIAM SCHOCK, APPELLANT, V. FALLS CITY, APPELLEE.

[FILED MARCH 24, 1891.]

**Adverse Possession:** OPENING STREETS: INJUNCTION. A party who has been in the open, notorious, exclusive, adverse possession of a portion of a town-site for a period of time sufficient to bar an action against him to recover possession thereof, thereby acquires an absolute title to said land, and may protect his possession by injunction against unlawful acts of the city authorities in attempting to open streets through his land.

APPEAL from the district court for Richardson county. Heard below before APPELGET, J.

*J. D. Gilman,* and *E. W. Thomas,* for appellant:

Injunction is the proper and only adequate remedy. (*Bolton v. McShane,* 25 N. W. Rep. [Ia.], 135; *Normand v. Otoe County,* 8 Neb., 21; *Poirier v. Fetter,* 20 Kan., 47.) An action of trespass would settle nothing. (*Davis v. Londgreen,* 8 Neb., 43; *Turner v. Stewart,* 17 Rep., 53; *Wilson v. Mineral Point,* 39 Wis., 160; Maxwell, Pl. & Pr. [4th Ed.], 547–52.) Appellant's adverse possession for fifteen years should prevent the city from now opening the street. (*Ft. Smith v. McKibbin,* 41 Ark., 45–8; *Litchfield v. Wil-*

*mot,* 2 Root [Conn.], 288; *Dudley v. Trustees,* 12 B. Mon. [Ky.], 610; *Pella v. Scholte,* 24 Ia., 283; *Cincinnati v. Evans,* 5 O. St., 594; *Lessees of Cincinnati v. Presbyterian Church,* 8 O., 310; *Knight v. Heaton,* 22 Vt., 481; *Richmond v. Poe,* 24 Gratt. [Va.], 142; *Wheeling v. Campbell* 12 W. Va., 36; *Gregory v. Lincoln,* 13 Neb., 356.) The maxim, *"nullum tempus occurrit regi,"* does not apply to cities and villages. (*Alves v. Henderson,* 16 B. Mon. [Ky.], 131; *Clements v. Anderson,* 46 Miss., 581; *St. Charles Co. v. Powell,* 22 Mo., 525; *Varick v. N. Y. Corp.,* 4 Johns. Ch., 53; *Evans v. Erie Co.,* 66 Pa., St., 222; *Arapahoe v. Albee,* 24 Neb., 242; *Wheeling v. Campbell, Lessee, v. Presb. Church,* and *Ft. Smith v. McKibbin, supra.*)

*Frank Martin,* and *C. Gillespie, contra:*

The threat, if executed, would only amount to a trespass, for which there is an adequate remedy at law, and injunction will not lie. (*Tigard v. Moffit,* 13 Neb., 565; *Hopkins v. Keller,* 16 Id., 569; *Council Bluffs v. Stewart,* 51 Ia., 385; 3 Wait's Act. & Def., 685, 701.) The injury threatened is not irreparable, but may be compensated in damages. (Maxwell, Pl. & Pr. [4th Ed.], 551; *Tigard v. Moffit, supra; Smith v. Oconomowoc,* 49 Wis., 694.) The statute does not run against the state. (*Blazer v. Johnson* 11 Neb., 405.) Nor should it run against the public. (*State v. Cincinnati,* 18 O. St., 262; *Evans v. Erie Co.,* 66 Pa. St., 223.) Prescriptive right to a street can never be acquired by obstructing it, and no acquiescence by the authorities can deprive the public of its use. (*Com. v. Upton,* 6 Gray [Mass.], 476; *N. W. Fertilizing Co. v. Hyde Park,* 97 U. S., 659; *Jersey City v. Morris Canal Co.,* 1 Beasl. [N. J.], 547; Wait's Act. & Def., vol., 4, p. 782; vol. 6, p. 324; vol. 8, p, 495–6, and citations on pages named; Dillon, Mun. Corp. [1st Ed.], secs. 530–33, and citations; *Simmons v. Cornell,* 1 R. I., 519; *Alton v. Ill., etc., Co.,* 12 Ill., 60; *Turney v. Chamberlain,* 15 Id., 271.)

MAXWELL, J.

A demurrer was sustained to the petition in the court below and the action dismissed. The petition is as follows :

"That on the 17th day of February, A. D., 1870, one A. J. Weaver was the owner of the N. W. ¼ of section 14, in town 1, range 16, in Richardson county, Nebraska, and said A. J. Weaver and Martha Weaver, as his wife, caused said above described tract of land to be all surveyed, platted, and laid out into lots, blocks, streets, and alleys, and caused a map or plat of said survey, showing said streets, alleys, lots, and blocks, to be made, signed, acknowledged, and filed for record in the county clerk's office of said county and recorded in the records of said county, showing said land so platted and laid out as 'Weaver's Addition to the City of Falls City, Nebraska.' At such time nearly all of said laid was cultivated field, and used and occupied only as such; that upon said map was shown a strip of land marked as 'Cameron street,' commencing at a point on the north line of said land and about 508 feet west of the N. E. corner of N. W. ¼ of section 14, and running thence south to the south line of said quarter section.

"That said 'Cameron street' was never opened, or worked, or prepared for a public street, or used, traveled, or accepted as such, or used for public travel, but passed along a portion of said cultivated field where there were no occupants or residents, and no one to travel or pass over the same, and in a secluded, out of the way, and unoccupied locality; that a very short time after the filing of the plat, plaintiff cannot give exact date, the owner of all of what is shown on said plat as blocks 7 and 8, and lots 11, 12, 13, and 14, in block number 9, took actual adverse possession of, fenced, enclosed, and cultivated, commencing at a point 50 feet west of N. E. corner of said

block 9, and on the north line of said block, running thence east on and along the south side of 6th street to the east line of said quarter section, thence south on and along the east line of said quarter section, to the south line of 5th street, thence west on and along the south line of 5th street to a point 50 feet west of the S. E. corner of block 9, and thence north on and along the west line of lots 14 and 11, in said block 9, to the place of beginning, and the same was all fenced together in one inclosure, including therein that part called ' Cameron street,' between blocks 8 and 9, and was so actually held, occupied, and used by said owner, who was one of the grantors of plaintiff in direct line, and said land was so actually adversely held, occupied, and in the continuous undisputed quiet possession of grantors of plaintiff up to the year 1878.

"The plaintiff in October, 1878, finding said grantors in actual, adverse, quiet, undisputed, peaceable, continuous possession of all the lands in said enclosure, purchased the same and received from the grantors of plaintiff undisputed, actual, and adverse possession of all the lands in said enclosure, including said 'Cameron street,' at that point, and from said last date, to-wit, October, 1878, at all times plaintiff has claimed and held actual, adverse, undisputed, continuous, and quiet possession of all said land in said enclosure, including said 'Cameron street' at that point, and now has said possession and has held the same personally for more than eleven years before the filing of this petition, and plaintiff and his grantors have so held, used and occupied and been in said continuous, adverse possession of same for more than fifteen years last past before the commencement of this action, and said enclosure has during said time remained the same.

"That defendant, the city of Falls City, Richardson County, Neb., has not during all said years set up or claimed any right in any land in said enclosure, but now sets up and claims a right by its officers, agents, and ser-

vants, by reason of said plat as aforesaid, to cause to be in a summary way taken away the fences and property of plaintiff around said enclosure, and all obstruction so far as the same may be found within the former limits of what was marked on said plat as 'Cameron street,' and asserts that said defendant and its officers and agents have the right, authority, and power to throw open said enclosure and open up said strip of land marked on said map as 'Cameron street,' and without any proceedings to condemn the same or legally acquire such right, but such defendants and its officers and servants, acting in an arbitrary and unlawful way, threaten and are about to forcibly remove the fences and enclosure of plaintiff and open up a public street through said land of plaintiff as it now is and has existed and remained continuously for over fifteen years last passed.

"Plaintiff further shows that if defendant is permitted to remove said fences, open up a street and destroy said enclosure, as defendant threatens and is now about to do, the same will leave the surrounding property of plaintiff in narrow strips and small patches and of such shape as to be worthless, and will destroy the value of the same and render the same worthless.

"That said land is in a secluded, out of the way and remote locality, where same is worthless except as farming land, and where there is no public travel.

"That the defendant, its officers and servants, have no right, power, authority or jurisdiction to open said 'Cameron street' at that point where the same may appear on said tract of land. That said 'Cameron street' and all rights to the same have been and are completely barred, vacated, and lost by the laws of limitation and an entire failure to use, occupy, travel, or work said street, and by the entire failure to at any time open up or use said land as a street at any time for more than ten years last passed, and if at any time said defendant had any such right to

open said 'Cameron street' the same has been lost, barred, and destroyed by the open, notorious, actual, undisputed, exclusive and continuous possession of said land by plaintiff and his grantors for more than fifteen years last passed, and by the laws of limitation of the state of Nebraska, and thereby plaintiff has become the owner of all said street and land.

"Defendant, its agents, officers or servants have no right, authority or jurisdiction to come upon said land or any part of said enclosure, or to interfere with, remove, or take the fences or improvements of plaintiff or any part thereof away, or to disturb plaintiff in the continued enjoyment and possession of same, or to attempt in a summary way to open a street through said tract of land or any part thereof without first proceeding to condemn or obtain such right as provided by law.

"That said defendant, the city of Falls City, Richardson county, Nebraska, now threatens to and is about to proceed in a summary oppressive and illegal way to tear down, remove, and destroy plaintiff's fences and improvements upon said land, and plow up, dig, excavate, waste and burrow earth therein, which said act, if permitted to be done, will destroy the value of said property and render useless the surrounding property of plaintiff, for any purpose for which plaintiff purchased or has personally used the same for over eleven years last passed and now uses the same; and said defendant, unless restrained by the order of this court, will attempt to assert and put in force said claim of right to open and remove plaintiff's enclosure and will commit the acts and wrongs hereinbefore set forth to the great and irreparable injury of the plaintiff.

That said defendant asserts said right only because of the said strip of land being marked 'Cameron street' upon said plat so filed by said Weaver. That said plat so marked and claim so made by said defendant and the said acts and threats of said defendant casts a cloud upon the

rights and titles and possession of plaintiff in and to said tract of land, and casts discredit upon, lessens and depreciates the value of plaintiff's title and property and his right to occupy the same, and plaintiff is entitled to have his title and possession to all of said land quieted as against the city of Falls City, Richardson county, Neb., and all its agents, officers, and servants, and against any right to open or cause to be opened any street or public way through said land, except after having secured said right by condemnation and payment of damages found.

"That no proceedings have ever been had for the condemnation of the right or appraisement of damages for the opening of said street," etc.

If the allegations in the petition are true, the plaintiff has been in possession of the land in controversy adversely for a sufficient length of time to give him title by adverse possession. This possession he may protect by injunction.

While the doctrine is generally recognized that a mere trespass will not be restrained when the injury would not be irreparable and the trespasser is solvent, and adequate damages for the injury may be recovered at law, still an injunction will be issued to restrain a public officer from proceeding illegally and improperly under claim of right. (*Johnson v. Hahn*, 4 Neb., 149; *Belknap v. Belknap*, 2 Johns. Ch., 472; *Livingston v. Livingston*, 6 Id., 497; *Mohawk & Hudson R. R. Co. v. Artcher*, 6 Paige Ch., 83.)

Where the injury complained of is a continuous one and the remedy at law must, therefore, be successive suits, and an action for damages be wholly inadequate for the plaintiff's protection, he will be granted an injunction to restrain the injury. (*Bolton v. McShane*, 25 N. W. R., 135 ; *Shimer v. Morris Canal Co.*, 27 N. J. Eq., 364 ; 10 Am. & Eng. Ency. of Law, 879.)

The equity rule is, that a trespass will be restrained when the threatened injury is irreparable, when the trespasser is insolvent, or when there exist other circumstances

which render the interposition of the court necessary and proper, among which will be the avoidance of circuity and multiplicity of actions. (10 Am. & Eng. Ency of Law, 881, and cases cited.)

In our view the petition states a cause of action which entitles the plaintiff to relief.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.