AUGUST MEYER ET AL., APPELLEES, V. CITY OF LINCOLN ET AL., APPELLANTS.

[FILED DECEMBER 18, 1891.]

Adverse Possession: STREETS. When a person has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city, under a claim of right, for ten years, the title thereto vests absolutely in such occupant.

APPEAL from the district court for Lancaster county. Heard below before CHAPMAN, J.

*E. P. Holmes*, for appellants:

No right to obstruct a street can be acquired by ad-

verse possession. (*Alvord v. Pope*, 53 Cal., 437; *Hoadley v. San Francisco*, 50 Id., 265; *Quincy v. Jones*, 76 Ill., 231; *Sims v. Chattanooga*, 2 Lea [Tenn.], 694; *San Francisco v. Sullivan*, Id., 603; *Jersey City v. Howeth*, 30 N. J. L., 521; *Sheen v. Stothart*, 28 La. Ann., 630; *Cross v. Morristown*, 18 N. J. Eq., 305.) Encroachments upon a public street are public nuisances. (*Wetmore v. Tracy*, 14 Wend. [N. Y.], 250; *Robbins v. Chicago*, 4 Wall. [U. S.], 657; *Nevins v. Peoria*, 41 Ill., 503; *El Dorado v. Davidson*, 30 Cal., 520.) No length of time will legalize a public nuisance. (*Folkes v. Chadd*, 3 Doug. [Eng.], 157; *Stoughton v. Baker*, 4 Mass., 522; *Com. v. Upton*, 6 Gray [Mass.], 476; *Burbank v. Fay*, 65 N. Y., 57; *New Orleans v. U. S.*, 10 Pet. [U. S.], 734; *Henshaw v. Hunting*, 1 Gray, [Mass.], 203; *Com. v. Boston*, 16 Pick. [Mass.], 442; *Wright v. Tukey*, 3 Cush. [Mass.], 290; *Fox v. Hart*, 11 O., 414; *Ellsworth v. Grand Rapids*, 27 Mich., 250; *Gaberling v. Wunnenberg*, 51 Ia., 125.)

*Billingsley & Woodward*, and *J. E. Philpott, contra*, cited cases referred to in opinion, and the following : *Forsyth v. Wheeling*, 19 W. Va., 318; *Gaines v. Hot Springs Co.*, 39 Ark., 262; *Kennebunkport v. Smith*, 22 Me., 445; *Alton v. Ill Trans. Co.*, 12 Ill., 38 ; *Sch. Directors v. Goergis*, 50 Mo., 194; *Gibson v. Chouteau*, 13 Wall. [U. S.], 92 ; *Cooper v. Detroit*, 42 Mich., 584; *Lancaster Co. v. Brinthaul*, 29 Pa. St., 38; *Vicksburg v. Marshall*, 59 Miss., 563; *Sims v. Frankfort*, 79 Ind., 486.

NORVAL, J.

This action was brought by August Meyer to enjoin the defendants, the mayor, councilmen, and street commissioner of the city of Lincoln, from opening an alleged public road or street in said city, by cutting down and removing numerous fruit and shade trees owned by the plaintiff, which are claimed by the defendants to be within the lim-

its of said highway or street and to obstruct the travel thereon. It also appears that Adam Bax, Emma A. Beach, and Margaret Roath each brought a similar action against the defendants herein, which, for convenience, by agreement of parties, were tried with this in the district court, it being stipulated that all the causes should abide the decision in the suit of Meyer against Graham and others.

The trial court found the issues in favor of the plaintiff Meyer, and rendered a decree perpetually enjoining the defendants from entering upon plaintiff's premises, or from injuring or destroying the trees thereon, or anywise interfering with the plaintiff's possession and enjoyment of the same. The defendants appeal.

In 1865 the territorial legislature of Nebraska passed an act entitled, "An act to locate a territorial road from Forest City in Sarpy county, to the south line of Lancaster county." Charles H. Walker, John P. Loder, and Richard Wallingford were named in the law as commissioners to locate the road. By the act the commissioners were required to view and locate the road and make return thereof to the county clerks of the several counties through which the road should pass, on or before the 1st day of August, 1865. (Laws 1865, page 144.)

The commissioners commenced their work in Lancaster county on August 1, 1865, but did not complete the same and make return to the county clerk of the county until the 5th day of September of the same year. A portion of this territorial road was located on the section line between section 35 and 36, in town 10, range 6 east, and is now known as a portion of Fourteenth street in said city. At the date of the location of this road the title to the northeast quarter of said section 35 was in the United States. Subsequently, on the 15th day of January, 1870, the east half of said northeast quarter of section 35 was laid out and platted by the owner as "Dawson's addition to South Lincoln." The plat represents a street on the east side of

the tract thus platted, and also the east tier of blocks as being the same in size as all other blocks in the addition. The legend recites that all lots are 142 feet deep by 50 feet wide. The plaintiff Meyer is the owner of lot 12, in block 44 of said addition, which lot lies on the east side of the addition and next to the highway or street in controversy. Counting the lot 50 feet in width, the east side thereof is from six to eight feet west of the section line between said sections 35 and 36. The plaintiff's improvements, which were sought to be removed by the defendent Byers as street commissioner, are on the strip which it is claimed was set apart for said street or road. The defendants contend that this street is 100 feet wide, the same as the other streets in the addition. If such is the case the eastern tier of lots are much less than half the width called for in the legend attached to the plat of the addition.

In argument, the plaintiff insists that the territorial road already referred to was never legally located, nor was it ever ordered opened as a public highway, and that the land in dispute is a part of plaintiff's lot, and not within the limits of any street of the city of Lincoln. As we view the case it will not be necessary for us to consider or decide the questions thus presented, but for the purpose of the case will assume that the ground in controversy is within the limits of a legal public street of the city of Lincoln.

The plaintiff alleges in his petition, and there is ample testimony in the record tending to show, that for more than ten years immediately prior to the bringing of the action, the plaintiff and his grantor have been in the open, actual, adverse, peaceable, and continued possession of said premises and held the same under claim of title. The evidence shows that a house, with a cellar under it, a well, barn, smoke-house, fruit and shade trees, and a fence, have been upon the lot since 1878 or the spring of 1879. The house is about twenty feet west of the section line and

within the strip claimed to be a part of the road or street known as Fourteenth street. The trees were east of the house. The plaintiff and his grantor have paid, from year to year, the taxes levied upon said lot since 1870. Upon the trial there was no attempt to show that the land in controversy had been used or traveled upon by the public as a street for more than ten years, but on the contrary it is clear enough from the evidence that the traveled road was east of the section line. Most of the improvements were made by the plaintiff's grantor, Christian Bohlman, who lived upon the premises for seven or eight years prior to 1885, when he sold the lot to the plaintiff, who immediately took possession and has resided thereon ever since. The possession of the plaintiff and his grantor was not in any manner disputed by anyone, nor did the city authorities make any claim to the land until about the 24th day of July, 1889, when the street commissioner commenced removing the fence and cutting down the trees, whereupon this action was instituted to restrain the city authorities from proceeding to open a street through the premises.

By numerous decisions of this court it has been held that adverse possession of real estate as owner for ten years gives a perfect title to the occupant. (*Horbach v. Miller,* 4 Neb., 47; *Gatling v. Lane,* 17 Id., 79; *Haywood v. Thomas,* Id., 240; *Tex v. Pflug,* 24 Id., 669; *Levy v. Yerga,* 25 Id., 764; *Obernalte v. Edgar,* 28 Id., 70; *Crawford v. Galloway,* 29 Id., 261; *Petersen v. Townsend,* 30 Id., 376; *Alexander v. Wilcox,* Id., 795.)

Appellants contend that no one can acquire title to a street by adverse occupation. In other words, that the doctrine of adverse possession does not apply to municipal corporations. In our investigation of the subject we find the authorities conflicting. The decisions of the highest courts of some of the states, notably California, Pennsylvania, New York, New Jersey, Rhode Island, and Louisiana sustain the doctrine for which the appellants contend, while

the courts of most of the other states have held, that the doctrine of adverse possession applies to municipal corporations, the same as individuals.   The weight of the adjudications is certainly that way. (*City of Cincinnati v. First Presbyterian Church,* 8 O., 298; *Same v. Evans,* 5 O. S., 594; *Armstrong v. Dalton,* 4 Dev. L. [N. C.], 568; *Rowan's Exrs. v. Town of Portland,* 8 B. Mon. [Ky.], 232; *Dudley v. Trustees of Frankfort,* 12 Id., 610; *City of Galveston v. Menard,* 23 Tex., 349; *County of St. Charles v. Powell,* 22 Mo., 525; *City of Peoria v. Johnston,* 56 Ill., 45; *City of Richmond v. Poe,* 24 Gratt. [Va.], 149; *City of Pella v. Scholte,* 24 Ia., 283; *Fort Smith v. McKibbin,* 41 Ark., 45; *Cornwall v. L. & N. R. Co.,* 87 Ky., 72; *Clements v. Anderson,* 46 Miss., 581; *City of Wheeling v. Campbell,* 12 W. Va., 36; *Webber v. Chapman,* 42 N. H., 326; *Schock v. Falls City,* 31 Neb., 599.)

*Dudley v. Trustees of Frankfort, supra,* was an action to restrain the marshal from removing plaintiff's enclosure off of the street as an obstruction. The plaintiff claimed the right to a part of the street by adverse occupancy.   The court in the opinion say: "If the private citizen at any time encroach with his buildings and enclosures upon the public streets, the municipal authorities should, in the exercise of proper vigilance and of their undoubted authority, interfere by the legal means provided in their charter, to prevent such encroachment in due time, and thus preserve for the public use the squares, streets, and alleys of the town in their original dimensions; but if a private individual or citizen has been permitted to remain in the continual adverse, actual possession of public grounds, or of a public street, or of part of a street, as embraced within his inclosure or covered by his dwelling or other buildings, for a period of twenty years or more, without interruption such citizen will be vested thereby with the complete title to the ground actually occupied by him; and the title, thus perfected by time, will be just as available against a munici-

pal corporation as it would be against an individual, whose elder title and right of entry may be barred by a continued adverse possession for twenty years of his land."

In *City of Wheeling v. Campbell, supra,* that court, after a complete and critical review of the conflicting authorities, in the opinion say: "We see no reason why a municipal corporation should not be held to the same degree of diligence in guarding their streets and squares from encroachments as natural persons are in protecting their property from the adverse possession of others. We do see great reasons why no time should bar the sovereign power, because the officers of the sovereign, whether king or state, have such various and onerous duties to perform, that the rights of the sovereign may be neglected; and all the people of the kingdom or state are interested in having the rights of the sovereign preserved intact, and not subject to be impaired or lost by the neglect of officers. But the same reason does not apply to a municipal corporation. A city or town is a compact community, with its city or town council, its committee on streets and alleys, and its street commissioners, whose special duty it is to see that the streets, squares, and alleys are kept in proper order, and free from obstructions or encroachments. And if with all this machinery and power confined to so narrow a compass, and the interests of the corporation to exercise it, the city authorities permit an individual to encroach upon the streets, alleys, or squares of the city and hold, enjoy, and occupy the same, claiming them as his own under his title, without interruption or disturbance in that right, for the period described in the statute of limitations, the city not only does, but we think, according to reason as well as authority, ought to, lose all right thereto."

Upon a careful consideration of the question we are satisfied, upon principle as well as authority, that adverse possession by an abutting lot owner of a portion of a street in a city for the statutory period of limitations will

give a complete title thereto to the occupant. To have
that effect the possession must be actual, visible, exclusive,
and uninterrupted for the full period of ten years, under a
claim of right. Under the facts proven the city is barred
from now asserting any right or claim to the property held
by the plaintiff for ten years. The judgment is

AFFIRMED.

THE other judges concur.