## GEORGE P. LEWIS ET AL. V. CARRIE R. BAKER.

FILED MARCH 6, 1894.    No. 5121.

Adverse Possession. When a person has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city, under a claim of right, for ten years, the title thereto vests absolutely in such occupant. *Meyer v. City of Lincoln*, 33 Neb., 566, followed.

ERROR from the district court of Boone county. Tried below before HARRISON, J.

*F. S. Howell,* for plaintiffs in error.

*J. A. Price, contra.*

RAGAN, C.

This is an injunction proceeding brought in the district court of Boone county by Carrie R. Baker against the village of Albion and one George P. Lewis, the overseer of streets of said village. The substantial allegations of the petition are that in the year 1879 one Mansfield owned lots 14 and 15, in block 2, of Mansfield's addition to the village of Albion, and on the first day of March of said year he conveyed said lots to one Diffenderfer who took possession of said lots, and inclosed them, together with a strip of ground nine feet and five inches in width, on the south side thereof, by erecting around said lots and said ground a post and board fence; that on the 1st day of November, 1880, Diffenderfer conveyed said premises to one Letson; that on said last date said Letson conveyed said real estate to one Matilda Diffenderfer, who took posses- sion of the same as inclosed; that on the 2d day of July, 1887, said Matilda Diffenderfer and husband conveyed said premises to the plaintiff, and that she, in the year 1887, re- moved the fence which Diffenderfer had built around said lots and strip of ground, and on the same day erected in its place and on the same line a new and costly fence of posts and boards, which fence she caused to be painted, as well to make it ornamental as to preserve it, and that said fence remained as built at the time of the institution of this suit; that the plaintiff and those under whom she de- rived title had been in the open, notorious, exclusive, con- tinuous, adverse possession as owners of said premises and every part thereof as inclosed by said fence for more than

ten years immediately before the commencement of this suit; that plaintiff's dwelling house and barn were on said lots so inclosed; that the said strip of ground of nine feet and five inches in width, adjoining said lots on the south and inclosed with them, had for more than ten years formed a part of the lawn of the plaintiff's dwelling house; that she had spent much time, labor, and money in having said lawn improved and cared for; that on said strip of ground were a number of shade and ornamental trees upon which she had bestowed much time, labor, and care; that said strip of ground had received the same care and had been improved and occupied in the same manner as other parts of said premises inclosed by said fence; that the defendants claimed that said strip of ground was a part of one of the public streets of said defendant village, and were threatening to cut down, remove, and destroy said fence and appropriate said strip of ground to the public use as a street. To this petition the parties made defendant filed a general demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action. The trial court overruled this demurrer, to which ruling the defendants took an exception, and, refusing to plead further, the court granted a perpetual injunction as prayed for, and the parties made defendant below bring the case here.

There are two points relied upon for a reversal of this decree:

1. That although the petition shows that Baker had been for more than ten years immediately before the bringing of the suit in the open, notorious, exclusive, and adverse possession of the premises, yet it does not appear from the petition that she and her grantors held such possession under a claim of title thereto. We do not think this contention can be maintained. True, the precise expression, "under claim of title," is not found in the petition, nor is it essential to the validity of the petition that it should be. It appears from the allegations of the com-

plaint that the use and possession of said premises by Baker and her grantors had been and were that of absolute owners.   In other words, the facts stated in the petition sufficiently show that Baker and her grantors had been and were occupying the premises, claiming title to the same.

2. The second point relied upon to reverse this judgment is that adverse possession, though for the statutory time, did not vest Baker with the title to the strip of ground, because it was a part of a public street.   This point has been, by this court, decided adversely to the contention of the plaintiffs in error.   See *Meyer v. City of Lincoln,* 33 Neb., 566, where it is held, "When a person has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city, under a claim of right, for ten years, the title thereto vests absolutely in such occupant."   In that case the question at bar was very thoroughly considered, and the authorities on both sides of the question examined and collated.   We are satisfied with both the reasoning and the conclusion reached in that case and adhere to the same.   Upon the authority of that case the judgment of the district court, assailed here, is

AFFIRMED.

HARRISON, J., having presided in the trial of the case below, took no part in the consideration here.