SARAH C. WEBSTER, APPELLEE, V. CITY OF LINCOLN ET AL., APPELLANTS.

FILED NOVEMBER 3, 1898. No. 8382.

Adverse Possession: STREETS. One who has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city under a claim of right, for ten years or more, thereby acquires an absolute title to the property.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Affirmed.*

*Abbott, Selleck & Lane,* for appellants.

*Joseph R. Webster, contra.*

NORVAL, J.

Sarah C. Webster instituted the action in the court below to enjoin the city of Lincoln and its officers from destroying fences and trees which the defendants claim were within the streets of the city, and to quiet the title to the two strips of land about eleven feet in width at east side of Fourteenth street and north side of Q street, in said city, at the intersection of said streets. From a decree in favor of plaintiff the defendants have prosecuted an appeal.

The record shows that plaintiff has ever since October, 1877, been the owner of what is known as lot 36 in S. W. Little's subdivision of the west half of the southwest quarter of section 24, in township 10 north, range 6 east, situate at the northeast corner of Fourteenth and Q streets, in the city of Lincoln. The strips of land in controversy lie within the platted limits of said streets, and

for more than ten years prior to the bringing of this suit plaintiff has continuously maintained a fence around said lot 36 and the strips of land in dispute, and during all of said times has been in the actual, visible, exclusive, and uninterrupted possession of all of said real estate under a claim of ownership and title. She therefore has the absolute title to the property, including the portions claimed to be within the limits of the streets. In this state it is no longer an open question that the doctrine of adverse possession applies to municipal corporations and individuals alike. (*Shock v. Falls City*, 31 Neb. 599; *Meyer v. City of Lincoln*, 33 Neb. 566; *Lewis v. Baker*, 39 Neb. 636; *Lewis v. City of Lincoln*, 55 Neb. 1.) The case at bar is not distinguishable from these just mentioned.

It is insisted that the ordinances of the city of Lincoln grant permission to property owners to place a fence about a portion of the street for the protection of the lawns and trees—in fact, to do precisely what the plaintiff claims to have done in this instance. There is no force to this argument, since plaintiff had fenced the real estate and had been in possession thereof more than one year before the passage of the ordinance in question. Its passage did not take away vested rights, nor change plaintiff's status. The decree is

AFFIRMED.