## JONATHAN LYDICK V. STATE OF NEBRASKA.

### FILED FEBRUARY 6, 1901.  No. 11,691.

1. **Public Road:** STATUTORY PROCEEDING: PRESCRIPTION. Where a public road has been established by proceedings under the statute and opened and traveled by the public for more than ten years, the public thereby acquires an easement therein, and the court will not examine the original proceedings for the laying out of the road and determine whether or not they were valid. *City of Beatrice v. Black,* 28 Nebr., 263, followed.

2. **County Road:** TITLE: ADVERSE POSSESSION. Title to a part of a county road can not be acquired by an adverse possession. *Krueger v. Jenkins,* 59 Nebr., 641, followed.

3. **Complaint.** Complaint copied in the opinion *held* to charge an offense under the provisions of section 107 of the Criminal Code.

4. **Extent of Inquiry:** COMPENSATION OF OWNER. In a prosecution for the violation of said section the question of whether compensation to the owner has been made for the taking of real estate for a public highway can not be inquired into.

ERROR from the district court for Burt county. Tried below before KEYSOR, J. *Affirmed.*

*H. E. Carter,* for plaintiff in error.

No appearance, *contra.*

HOLCOMB, J.

A complaint was filed against the defendant, plaintiff in error, charging him with a violation of section 107 of the Criminal Code, providing as follows: "Any person who shall deposit any wood, stone, or other kind of materials, on any part of any lawful public road, in this state, inside of the ditches of such road, or outside of the ditches, but so near thereto as to cause the banks thereof to break into the same, or cause the accumulation of rubbish, or any kind of obstruction, shall, for every such offense, pay a fine of five dollars." On this complaint, after trial, a verdict of guilty was found by the jury, upon which a fine of the amount stated was imposed by the court. From this judgment, by error proceeding, the case is brought here.

Many questions are argued in brief of counsel for plaintiff in error. The state has filed no brief. As we view the record, the controlling propositions which must be decisive of the case are contained in instructions Nos. 4 and 5, given by the court on its own motion, to which exceptions were taken, and the giving of which is assigned as error. The instructions are as follows:

"4th. You are instructed that it is the law that after a road has been used ten years or longer, the original legal proceedings which were had to establish it cannot be inquired into, but must be regarded as valid. If you believe from the evidence beyond reasonable doubt that the road in controversy had, on May 2d, 1899, been traveled by the public ten years or longer, and that before said ten years or longer the county commissioners of this county established said road by a legal proceeding begun for that purpose, then you are instructed that said road was, on May 2, 1899, a public road, and you should so find.

"5th. You are also instructed that no person can gain title to any part of a public road by cultivating it or excluding the public travelers therefrom for any period of

time, however long it may be. If you find from the evidence beyond a reasonable doubt that more than ten years before May 2d, 1899, the county commissioners began legal proceedings to establish said road, and that they did establish it, and that afterwards the public used said road ten years or more, then the whole of the road, four rods wide, belongs to the public; even though the public used only a portion of said road, and a portion was fenced and cultivated by the defendant and his grantors."

The case appears to have been fairly and properly submitted to the jury, and the instructions quoted announce propositions of law which have heretofore been approved as a correct expression by this court. *City of Beatrice v. Black,* 28 Nebr., 263; *Krueger v. Jenkins,* 59 Nebr., 641. The defendant argues upon the theory that the only public road that was ever established at the point in controversy was by dedication, was limited in width to a less distance than the statutory width of four rods and did not include the strip or tract where the alleged obstructions were placed. But it appears quite satisfactorily from the evidence that in the year 1867 legal proceedings were instituted by the authorities of the county to establish a highway under the laws as then existing and along and at the place where the controversy arose. The records of these proceedings are incomplete. It is shown, however, by the commissioner's record that, acting upon a notice and petition and after hearing, a commissioner was appointed for the purpose of viewing and establishing the road petitioned for, if found practicable and required for the good of the public; that acting on such authority, the road was surveyed, platted and established, and has ever since, as well as long before, been traveled as a public highway. The road plat book was also introduced in evidence, showing the location of the road as a public highway. It having been shown that legal proceedings had been instituted for the purpose of establishing a public highway, and that a highway had been established thereunder and along the

route where the controversy originated, the regularity and validity of such proceedings, after the lapse of time which had intervened when the alleged offense was committed, will be presumed, and, as stated in the fourth instruction, the alleged irregularity and invalidity would not be inquired into. *City of Beatrice v. Black, supra.* The fifth instruction is fully justified by the holding of this court in *Krueger v. Jenkins, supra.*

While there is some objection to the sufficiency of the complaint, we do not find merit therein. The complaint charged that the defendant, unlawfully, willfully and maliciously, did injure and obstruct a certain lawful public road, describing it, by placing, depositing and leaving in and upon said public road, near the centre thereof, a large number of posts and logs, contrary, etc. The complaint is sufficient to charge an offense under the statute mentioned.

Objection is also made because it is. not found that compensation was made to the owner of real estate for damages sustained by reason of the land being taken for public purposes at the time of the location of the public highway. However this may be, this question, as was very properly ruled by the trial court, could not be inquired into in this proceeding.

The judgment of the district court is right and should be affirmed, which is accordingly done.

AFFIRMED.