CITY OF WAHOO V. EZER NETHAWAY ET AL.

FILED JANUARY 5, 1905. No. 13,689.

1. **Title by Adverse Possession.** Prior to the passage of chapter 79, laws of 1899, title by adverse possession could be established in lands owned by a municipal corporation the same as in those owned by a private individual.

2. **Decision: OVERRULING.** In order to overrule a former decision deliberately made, the supreme court should be convinced not merely that the case was wrongly decided, but that less injury will result from overruling than from following it.

ERROR to the district court for Saunders county: SAMUEL H. SORNBORGER, JUDGE. *Affirmed.*

*J. E. Wilson* and *Charles H. Slama,* for plaintiff in error.

*B. E. Hendricks, contra.*

OLDHAM, C.

This was an action in ejectment instituted by the plaintiff, City of Wahoo, to recover a portion of two of its streets occupied by the defendants. At the trial of the cause in the court below, a jury was waived by consent of the parties and a trial had to the court, where a judgment was rendered in favor of defendants, and plaintiff brings error to this court.

The testimony clearly establishes that defendants, who are husband and wife, had been in possession of the property in dispute for more than 10 years prior to the passage of chapter 79, laws of 1899; that the premises had been inclosed with a fractional block on which defendants resided and occupied as their homestead, and that they had been cultivated in shrubbery, garden and ornamental trees within such inclosure from the year 1885, as before stated for more than 10 years before the passage of the act of 1899.

It is conceded in the brief of plaintiff in error that the judgment of the trial court is in harmony with the rule laid down by this court in *Schock v. Falls City,* 31 Neb. 599; *Lewis v. Baker,* 39 Neb. 636; *Meyer v. City of Lincoln,* 33 Neb. 566, and *Webster v. City of Lincoln,* 56 Neb. 502; but counsel say that, feeling "that the rule laid down in these cases is too harsh, they desire to urge its modification in the case at bar." While it is true that decisions of courts of last resort in other jurisdictions, and opinions of text writers of eminent ability, are cited in opposition to the doctrine announced in these cases, yet it is equally true that these decisions are consistent with themselves, are founded on reason, and are likewise supported by adjudications without the state from courts of learning and

ability. In this state prior to the passage of the act of 1899, we held that the statute of limitations runs against the lands of a municipal corporation the same as against the lands of a private individual; and, in determining the question of title by adverse possession between a citizen and a municipality, we should apply the same rules as in determining a like controversy between private individuals. The reasons for .this rule were well set forth by SULLIVAN, J., in *Krueger v. Jenkins,* 59 Neb. 641, when he said:

"It would seem that there is in this state much reason for holding that incorporated cities should, in actions relating to their streets, be subject to the operation of the statute of limitations. They own in fee simple the streets, alleys and other public places within their corporate limits. See Compiled Statutes, 1899, ch. 14, art. I, secs. 104, 106. They may maintain ejectment to recover possession of them; they may, speaking generally, vacate them either in whole or in part. The right is even given to sell and dispose of them, and apply the money derived from the sale to any legitimate municipal purpose. See Compiled Statutes, 1899, ch. 14, art. I, sec. 77. In other words, municipal corporations are invested with a sort of proprietary interest in this class of property, and may be required, therefore, to guard it with the same degree of vigilance as that which is exacted of private owners. It is believed that the authorities are all agreed upon the proposition that as to property which is held in private ownership, and not upon public trusts, municipal corporations are on the same footing with private individuals and equally affected by the limitation laws. See *Powers v. City of Council Bluffs,* 45 Ia. 652; *Evans v. Erie County,* 66 Pa. 222; 2 Dillon, Municipal Corporations (3d ed.), 676."

Now, while we may concede, for the sake of argument, that the rule adopted in this state which subjects the streets and alleys of a municipal corporation to the ravages of the statute of limitations is a doubtful rule on the

soundness of which the authorities differ, yet, we think, we would scarcely be justified in changing one doubtful rule for the purpose of establishing another not of itself free from doubt. We think, as recently announced by the supreme court of Michigan in *McEvoy v. City of Sault Ste. Marie,* 136 Mich. 172, 98 N. W. 1006:

"Before overruling a former decision deliberately made, the court should be convinced not merely that the case was wrongly decided, but that less injury will result from overruling than from following it."

Now, if any injury has resulted to the municipalities of this state by reason of the rule so long followed in this court, the possibility of a recurrence of such injury has been entirely removed by the passage of the act of 1899, which protects the streets and alleys of cities and villages from the operation of the statute of limitations. Consequently, we think that nothing of good could be accomplished by now changing our former rule.

We therefore recommend that the judgment of the district court be affirmed.

Ames and Letton, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

                                        Affirmed.