BELLE M. AGNEW, APPELLEE, V. CITY OF PAWNEE CITY ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,831.

1. Easements. An easement in real estate may be acquired by open, notorious, uninterrupted, adverse possession for the statutory period of ten years.

2. Easement in Street. An easement in a city street could be acquired by open, notorious, uninterrupted, adverse possession for the statutory period of ten years prior to the statute of 1899.

3. Courts: JUDICIAL NOTICE. The courts will take judicial notice of the fact that a city is an incorporated city, of the time when it was incorporated, and of the salient facts of its geography and history.

4. Easements: TRANSFER. An easement will pass by a deed or grant of conveyance, even if the word "appurtenance," or a similar expression, is not used in the instrument, if it is apparent to an

ordinary observer, and naturally and necessarily belonged to the premises.

5. ———: ABANDONMENT. Nonuser of an easement for a less period than the statutory period of ten years will not of itself work an abandonment of the right.

6. ———: ———: BURDEN OF PROOF. The burden of proof is on the party alleging it to show abandonment, and such abandonment must be pleaded.

7. Injunction will lie to protect the owner of an easement in its enjoyment.

8. Pleading: JUDGMENT. The failure to allege in the petition that the plaintiff had been in the exclusive adverse possession of the premises for ten years, and of the court to find that fact in the decree, is not material after judgment, where the proof admitted without objection shows the possession to have been of that character.

APPEAL from the district court for Pawnee county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Story & Story,* for appellants.

*John B. Raper* and *Frank A. Barton, contra.*

EPPERSON, C.

This is an injunction suit to restrain the defendant city and its officers from removing a stairway constructed by plaintiff on a public street. In 1881 the then owners of plaintiff's lot erected thereon a brick building, the north wall of which rested on the line between the premises and the street. At the same time the stairway in question was built extending from the ground to a second story door in the north wall of the building and projecting into the street two and one-half feet. The stairway was used continuously for nearly .20 years. In 1900 it was removed by the city, and was not rebuilt until four years later, when plaintiff purchased the premises, and, claiming that her grantors had acquired an easement by adverse possession, constructed a new stairway of the same size and at the same place. The city authorities threatened to re-

move the new structure, but were enjoined by the district court. Defendants appeal.

1. It is now claimed that an easement by adverse possession was not established. It has been held that an easement in real estate may be obtained by open, notorious, peaceable, uninterrupted, adverse possession for the statutory period of ten years (*Omaha & R. V. R. Co. v. Richards,* 38 Neb. 847), and that title may be acquired by adverse possession in a city street. *Meyer v. City of Lincoln,* 33 Neb. 566; *Lewis v. Baker,* 39 Neb. 636. It has been held that title to a part of a country road cannot be acquired by adverse possession. *Krueger v. Jenkins,* 59 Neb. 641; *Lydick v. State,* 61 Neb. 309. In *Krueger v. Jenkins, supra,* SULLIVAN, J., clearly points out the reasons for not applying the rule to city streets. He says: "It would seem that there is in this state much reason for holding that incorporated cities should, in actions relating to their streets, be subject to the operation of the statute of limitations. They own in fee simple the streets, alleys and other public places within their corporate limits. See Compiled Statutes, 1899, ch. 14, art. I, secs. 104, 106. They may maintain ejectment to recover possession of them; they may, speaking generally, vacate them either in whole or in part. The right is even given to sell and dispose of them, and apply the money derived from the sale to any legitimate municipal purpose. See Compiled Statutes, 1899, ch. 14, art. I, sec. 77. In other words, municipal corporations are invested with a sort of proprietary interest in this class of property, and may be required, therefore, to guard it with the same degree of vigilance as that which is exacted of private owners. It is believed that the authorities are all agreed upon the proposition that as to property which is held in private ownership, and not upon public trust, municipal corporations are on the same footing with private individuals and equally affected by the limitation laws." It seems clear from this reasoning, and the cases above cited, not only that title may be acquired by adverse possession in a

city street, but that the title in the street is such that it may become servient to an abutting lot by the establishment of an easement therein. No statute applicable to the case at bar existed prior to the amendment of section 6 of the code in 1899, and we think the trial court was justified in finding that plaintiff's grantors in 1881 constructed a stairway in one of the city's streets shown on the recorded plat, and of which the courts take judicial notice (16 Cyc. 852, 858, 859, 862, 864, 868, 909), and had acquired an easement by adverse possession.

2. But it is earnestly contended that such easement was not transferred to plaintiff, and that she is not now entitled to an easement in the property. It appears that, after plaintiff's grantors had constructed the stairway and used it for nearly 20 years, the city removed the structure. No stairway was in existence when plaintiff secured title to the property, and the point for determination is whether plaintiff's deed carried with it the easement acquired by her grantors. The deed recites that the grantors "hereby grant, bargain, sell, convey and confirm" unto plaintiff the lot therein described by metes and bounds. The instrument did not contain the usual clause: "Together with all appurtenances thereunto belonging." And the question is: Did the easement pass by implication? We think it did. "Where an easement is annexed as appurtenant to land, it passes as an appurtenance with a conveyance * * * of the dominant estate and need not be specifically mentioned in the deed." 14 Cyc. 1184, 1185. "A principal thing will draw to it all its incidents and appurtenances, and upon a transfer of the principal thing they will pass with it, although not specifically named." *Morgan v. Mason,* 20 Ohio, 401, 55 Am. Dec. 464. In *Jarvis v. Seele Milling Co.,* 64 Am. St. 107 (173 Ill. 192), it is said: "Appurtenances will pass by a deed or grant of conveyance, even if the word 'appurtenance,' or a similar expression, is not used in the instrument." See, also, *Berry v. Billings,* 44 Me. 416, 69 Am. Dec. 107; *Hammond v. Woodman,* 41 Me. 177, 66 Am. Dec. 219.

**3.** It is argued, however, that the authorities have limited easements by implied grant to such as were open and visible, such as would be apparent to an ordinary observer, continuous and necessary to the enjoyment of the estate granted or retained, and hence, the stairway being removed at the time of plaintiff's purchase, plaintiff did not acquire an easement by implied grant. It has been held that an easement not expressly mentioned in a deed does not pass unless it naturally and necessarily belongs to the premises. *Green v. Collins*, 86 N. Y. 246, 40 Am. Rep. 531, and note; *Whiting v. Gaylord*, 66 Conn. 337, 50 Am. St. Rep. 87; *Carbrey v. Willis*, 7 Allen (Mass.), 364, 83 Am. Dec. 688; *Butterworth v. Crawford*, 46 N. Y. 349, 7 Am. Rep. 352; *Elliott v. Rhett*, 5 Rich. Law (S. Car.), 405, 57 Am. Dec. 763; *Bumstead v. Cook*, 169 Mass. 410, 61 Am. St. Rep. 293, and note. This rule seems to apply more particularly to the creation of easements by implied grant upon the severance of the estate; but, conceding its applicability to the case in hand, we think the easement in question was apparent to an ordinary observer and naturally and necessarily belonged to the premises. It is true the stairway had been removed, but the landing at the second story door remained. The building was located on the northwest corner of the block, and faced the west on one of the principal streets of the city. There were five rooms in the second story. The two in the west end of the building were used for office purposes and the other three were occupied by tenants as a dwelling. A hall, running north and south, and extending from the door in the north wall to the south wall of the building, separated the east rooms from the west or office rooms. This hall connected with another hall running east near the south wall to a door in the rear of the building. A stairway extended from this rear door to the sidewalk in the street at the northeast corner of the building. There was no front entrance to the second story of the building, and, in view of the fact that the landing still remained, it cannot be said that the easement would not be apparent

to an ordinary observer. Neither can it be claimed that the easement was not necessary to the enjoyment of the estate. The back stairway did not provide sufficient ingress and egress to the second story. After the stairway in controversy was removed, the owners of the building were unable, for this reason, to rent the rooms on the second floor, and it is clear that a stairway leading from the second story to the main street was necessary to the proper enjoyment of the estate. See *Simmons v. Cloonan,* 81 N. Y. 557; *Charleston, C. & C. R. Co. v. Leech,* 33 S. Car. 175, 26 Am. St. Rep. 668.

4. Defendants' next insistence is that the easement had been abandoned after the structure had been removed by the city and prior to the plaintiff's purchase. This contention is untenable. Four years elapsed after the removal and before plaintiff became the owner; but the rule is that nonuser of an easement for a less period than the statutory period of ten years will not work an abandonment of the right. "Nonuser for a period sufficient to create an easement by prescription will raise a presumption to defeat the right. But this nonuser is open to explanation and may be controlled by proof that the owner had no intention to abandon his easement while thus omitting to use it." 14 Cyc. 1186. The burden of proof is on defendants to show abandonment, and such abandonment must be pleaded and proved. *Hennessy v. Murdock,* 137 N. Y. 317.

5. Plaintiff's right to an injunction is questioned. "It is well settled that injunction will lie to protect the owner of an easement in its enjoyment." 14 Cyc. 1216; *Barr v. Lamaster,* 48 Neb. 114; *Keplinger v. Woollsey,* 4 Neb. (Unof.) 282; 1 High, Injunctions (4th ed.), sec. 545.

6. Defendant's final contention is that the petition does not state facts sufficient to constitute a cause of action, because it is not therein stated that the alleged adverse possession was exclusive and that it was made under a claim of ownership. In *Tourtelotte v. Pearce,* 27 Neb. 57, it was held: "The failure to allege in the petition that the

plaintiff had been in the *exclusive* adverse possession of the premises for ten years, and of the court to find that fact in the decree, is not a material error after judgment, where the proof shows the possession to have been of that character."

There is no error in the record, and an affirmance of the judgment is recommended.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.