ROBERT RYAN, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED DECEMBER 14, 1909.   No. 15,828.

1. **Adverse Possession.** "The statute of limitations will not run in favor of an occupant of real estate, unless the occupancy and possession are adverse to the true owner and with the intent and purpose of the occupant to assert his ownership of the property. His possession must be as owner and adverse to every other person." *Colvin v. Republican Valley Land Ass'n*, 23 Neb. 75.

2. ——: EVIDENCE.   The exclusive occupation and use of real estate for ten consecutive years create a strong presumption that possession was held under a claim of right and adverse to all persons. If, however, the occupant testifies in support of his plea of adverse possession, and upon cross-examination will not state unequivocally that he occupied the land under a claim of right or that he asserted ownership to it during that period, the presumption arising from his overt acts will be overthrown and his claim to title by adverse possession denied.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Shepherd & Ripley* and *Robert Ryan,* for appellant.

*John M. Stewart, T. F. A. Williams, C. C. Flansburg* and *Leonard A. Flansburg, contra.*

ROOT, J.

This is an action to quiet in plaintiff title to land originally within the public streets of the city of Lincoln, and to enjoin defendant from interfering with plaintiff's enjoyment of said real estate. Defendant prevailed, and plaintiff appeals.

1. Counsel for defendant requests us to review and overrule *Meyer v. City of Lincoln*, 33 Neb. 566, *Lewis v. Baker*, 39 Neb. 636, and *Webster v. City of Lincoln*, 56 Neb. 502. Were we to assent, the judgment would be affirmed as a matter of law. From our standpoint it will not be necessary to consider this branch of the case, and, while we shall not do so, we have no disposition to disparage the opinions referred to.

2. The judgment of the district court must be affirmed unless we find that the evidence establishes plaintiff's title by adverse possession. The basic element of every adverse title is possession under a claim of right. The rule is well stated in the second paragraph of the syllabus in *Colvin v. Republican Valley Land Ass'n*, 23 Neb. 75: "The statute of limitations will not run in favor of an occupant of real estate, unless the occupancy and possession are adverse to the true owner and with the intent and purpose of the occupant to assert his ownership of the property. His possession must be as owner and adverse to every other person." The opinion follows *Horbach v. Miller*, 4 Neb. 31, and is in accord with the reasoning of Maxwell, J., in *Gatling v. Lane*, 17 Neb. 77, 80: "A person who enters upon the land of another with the intention of occupying the same as his own, and carries that intention into effect by open, notorious, exclusive adverse possession of the premises for ten years, thereby disseizes the owner; and this is so whether the entry and possession are contrary to the will of the owner or not, if the occupant denies the owner's title and claims the land as his own." *Smith v. Hitchcock*, 38 Neb. 104; *Hoffine v. Ewings*, 60 Neb. 729; *Knight v. Denman*, 64 Neb. 814; *Bush v. Griffin*, 76 Neb. 214; *Butler v. Smith*, 84 Neb. 78. Bearing this well-established principle in mind, we will examine the evidence.

The testimony of Thomas Ryan, plaintiff's grantor, establishes satisfactorily that in 1883 a substantial fence was constructed upon the outer boundary of the disputed tracts, and that the witness from said year until in 1887

held continuous, exclusive and adverse possession of the land. In 1887 plaintiff purchased the adjacent lots from Thomas Ryan and received possession of the disputed territory. Plaintiff testifies that in taking possession he did not have any intention of claiming the property as against the city; that he intended to take and continue possession and reap whatever fruits might accrue therefrom; and that his claim of right by adverse possession accrued in 1893, coincident with the end of ten years' possession of the premises by himself and his grantor. The following appears in the bill of exceptions as part of plaintiff's cross-examination: "Q. You will not swear that you went on there with the intention of exercising adverse possession? A. Simply went in with the intention of taking possession of whatever Tom had inclosed. That was pretty near open there then. Nobody thought much about what was inclosed then. Q. You intended that that possession should ripen into title and divest the city of ownership and vest ownership in you? A. I don't know as I had any intention of letting it ripen into title. I found the property surrounded by a fence, and possession was turned over to me with the lots, and I intended to hold possession with whatever would result from it, but I didn't look forward to see if I should ever have title that I might assert against the city." The witness further stated that he knew title to the property was in the city at the time he took possession, and that prior to 1893 he could not successfully assert title against the defendant. Plaintiff nowhere stated in his direct examination that he occupied the property under a claim of right or that he held possession as owner thereof. He did state, in answer to a question on cross-examination, that his possession was adverse to the city. The fact that the tract had been inclosed by a fence more than ten years preceding 1899, and that plaintiff and his grantors during that time had received all benefits that accrued from an exclusive occupation of the land, unexplained by other evidence, would unquestionably support a judgment in his favor. Those acts,

in the words of Judge GANTT, "are presumptive evidence and evincive of intention to assert ownership over and possession of the property." *Horbach v. Miller,* 4 Neb. 31. If, however, that presumption is met by the sworn admission of the occupant that in exercising dominion over the land he did not claim to own it, the presumption will disappear. It is not essential that the occupant accompany his possession with declarations of hostility toward the owner of the fee. *City of Florence v. White,* 50 Neb. 516. His exclusive occupation under a claim of right is sufficient ordinarily to establish an adverse possession. To constitute adverse possession there must be a combination of conduct and intent. If the actor testifies to his intention and purpose in performing his visible acts of authority over the property, and admits that he did not act under a claim of right or ownership, his testimony may, and as against himself ought to, overcome the conclusions and presumptions that otherwise would have been drawn from his conduct. It is presumed that a man will do that which tends to his obvious advantage, if he possesses the means to accomplish his purpose. Of all persons the plaintiff knew best whether his possession of the tract in question was under a claim of right or ownership, and if he has failed to unequivocally state the fact, while a witness in his own behalf upon this subject, but, on the contrary, has admitted that he held possession trusting that he would not be disturbed for ten years, and thereafter intended to assert title to the land, the court will not be justified in drawing inferences to support a judgment in his favor.

Upon the facts the judgment of the district court is right and is

AFFIRMED.