WILLIAM F. TORBITT, APPELLEE, v. VILLAGE OF BENNETT ET AL., APPELLANTS.

FILED APRIL 3, 1915.   No. 18048.

1. **Easements: STREETS: ADVERSE POSSESSION.** An easement in a city street could be acquired by open, notorious and uninterrupted adverse possession for ten years prior to the enactment of the statute of 1899 (Laws 1899, ch. 79).

2. **Courts: OPINIONS: OVERRULING.** "Before overruling a former decision deliberately made, the court should be convinced, not merely that the case was wrongly decided, but that less injury will result from overruling than from following it." *McEvoy v. City of Sault Ste. Marie*, 136 Mich. 172.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Jesse B. Strode* and *G. E. Hager,* for appellants.

*T. J. Doyle, contra.*

LETTON, J.

Action to enjoin village authorities from tearing down and removing an outside stairway to a building in the village of Bennett. A perpetual injunction was allowed, and the defendants appeal.

Plaintiff is the owner of a two-story frame building in the village of Bennett, which was erected in 1879, and of which he became the owner in 1887. There is an open outside stairway about four feet wide, extending from the sidewalk to the second floor of the building. This stairway

was erected with the building, and furnishes the sole means of access to the second story. The lower end of the stairway rests upon the street close to the building, and occupies a portion of the sidewalk space. In September, 1910, a written notice was served on plaintiff by the village trustees directing him to remove the stairway, and that, unless he 'did so within ten days, it would be removed by them and the cost of so doing assessed against the property. This action was then begun. There seems to be no dispute about the facts.

The question presented is whether an easement in a city street could be acquired by adverse possession for more than ten years prior to the passage of the act of 1899 (Laws 1899, ch. 79), and we are asked to review and overrule our former decision on this point. This question was first squarely presented in this court in the case of *Meyer v. City of Lincoln*, 33 Neb. 566, where it was held: "When a person has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city, under a claim of right, for ten years, the title thereto vests absolutely in such occupant." This was followed in *Lewis v. Baker*, 39 Neb. 636, *Webster v. City of Lincoln*, 56 Neb. 502, and *City of Wahoo v. Nethaway*, 73 Neb. 54. The question is also considered in *Krueger v. Jenkins*, 59 Neb. 641.

In the *Wahoo* case, as in this, an earnest attempt was made by counsel to procure a modification of the rule laid down in the former cases, but the court refused to do so, quoting from a Michigan opinion: "Before overruling a former decision deliberately made, the court should be convinced, not merely that the case was wrongly decided, but that less injury will result from overruling than from following it"—saying that further injury, if any, to municipalities had been removed by the act of 1899, and concluding: "Nothing of good could be accomplished by now changing our former rule." *McEvoy v. City of Sault Ste. Marie*, 136 Mich. 172.

*Agnew v. City of Pawnee City*, 79 Neb. 603, was a case very similar to this, since it involved the right to remove

a stairway in a similar situation. After reviewing former decisions, the court say: "It seems clear from this reasoning, and the cases above cited, not only that title may be acquired by adverse possession in a city street, but that the title in the street is such that it may become servient to an abutting lot by the establishment of an easement therein."

In *Ryan v. City of Lincoln*, 85 Neb. 539, the court was again requested to review and overrule *Meyer v. City of Lincoln*, 33 Neb. 566, and cases following it. It said: "From our standpoint it will not be necessary to consider this branch of the case, and, while we shall not do so, we have no disposition to disparage the opinions referred to."

It may be true, as defendant argues, that the trend of modern opinion is contrary to our decisions, and that the early cases in this state were not well considered (though we do not so concede); but, since the legislature settled the question in 1899, and no possessory right can have been acquired in the streets since 1899 or 1900, it seems clear that greater injustice would result from setting aside our former adjudications than from abiding by them. The rule that adverse possession for ten years before 1899 constituted a perfect title now amounts to a rule of property, and vested rights, such as those in the *Agnew* case, would be interfered with by a change in the law. We are content to let well enough alone and to abide by the established rule.

It is also contended that Torbitt never claimed that portion of the sidewalk space on which the stairway rested. This is based upon testimony that in a conversation between Torbitt and a member of the village board he said he would remove it. There is a direct conflict with respect to this conversation, and there is so much doubt about it that we cannot allow this evidence to weigh against actual possession held for 30 years.

The judgment of the district court is right, and it is

AFFIRMED.

BARNES and FAWCETT, JJ., not sitting.