ROBERT J. GATLING, PLAINTIFF IN ERROR, v. W. C. LANE ET AL., DEFENDANTS IN ERROR.

1. **Real Estate:** TITLE: ADVERSE POSSESSION. Where possession of real estate is taken under color and claim of title it is not essential to the claim of adverse possession that such title shall be valid. It is sufficient if the instrument purports to convey the title to the party in possession.

2. ———: ADVERSE POSSESSION. Open, notorious, exclusive adverse possession for ten years will vest a valid title in the occupant.

ERROR to the district court for Pawnee county. Tried below before DAVIDSON, J.

*Harwood, Ames & Kelly* and *J. L. Edwards*, for plaintiff in error.

*A. H. Babcock*, for defendant in error.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendants to recover the possession of lot 12 in block 3, in Pawnee City. The defendants in their answer allege that on the fifth of February, 1869, said lot was duly sold to one C. C. Roberts, for the taxes due thereon for the year 1864; that in February, 1867, the treasurer of said county executed a tax deed to said Roberts, conveying to him the title to said lot, which deed was during the same month duly recorded; that Roberts thereupon "on the sixteenth day of February, 1869, entered into and took possession of said described premises under and by virtue of his said tax deed, and remained in the peaceable, continuous, exclusive, and uninterrupted possession of said premises under and by virtue of said tax deed aforesaid, and the title thereby conveyed, to the second day of September, A.D. 1869, when he sold and conveyed said premises for a valuable consideration to Wilson F. Street," etc., who took possession of said premises and continued in possession thereof until the second day of December, 1870, when he sold and conveyed the same to the defendants, who thereupon took possession under said deed, and have remained in the "peaceable, continued, exclusive, adverse, and uninterrupted possession of said premises, and have made valuable and lasting improvements of the value of $2,000 thereon." The court below found the issues in favor of the defendants and dismissed the action. The plaintiff commenced the action on the twenty-seventh of April, 1882, so that the defendants themselves were in possession of the premises claiming as assignees of the grantee in said tax deed for more than eleven years before the action was begun. This the attorneys for the plaintiff admit, but claim that the tax deed under which the defendants hold

is void upon its face, and this is the principal error relied upon.*

Where possession is taken under color and claim of title and continued for the statutory period, it is not essential that such title shall be valid. It is sufficient if the instrument purports to convey the title to the party in possession. *LaFrombois v. Jackson,* 8 Cow., 589. *Humbert v. Trinity Church,* 24 Wend., 587. *Northrop v. Wright,* 7 Hill, 476. *Munro v. Merchant,* 26 Barb., 383. The fact of possession and its character—the occupant claiming to be the owner of the premises, is the test. The possession must be inconsistent with the title of the true owner, and not subject to the rights of other parties. *Jackson v. Berner,* 48 Ill., 203. *Carroll v. Gillion,* 33 Ga., 539. *Thomas v. Babb,* 45 Mo., 384. *Beaty v. Mason,* 30 Md., 409. When, however, an occupant has, as in this case, maintained actual, continued, and notorious adverse possession of real estate, claiming the same as his own against all persons for the full extent of ten years, he becomes the actual owner of the same, and the rights of the former owner are forever barred. *Horbach v. Miller,* 4 Neb., 32. *Stokes v. Berry,* 2 Salk., 421. *Graffius v. Totenham,* 1 W. & S., 488. It

---

*WM. A. BUTLER,
  Co. Treas.,
  to
C. C. ROBERTS.

Filed for record Feb. 18th, A.D. 1869, at 10 o'clock A.M. Lots 1, 2, 3, 5, 6, in Block 14; Lots 4 and 5 in Block 10; Lots 7 & 12, Block 3; Lots 11 & 12 in Block 4; Lots 11 & 12, in Block 5, in Pawnee City, Neb.

Whereas, C. C. Roberts did, on the sixteenth day of February, 1869, produce to the undersigned, William A. Butler, Treasurer of the County of Pawnee, in the State of Nebraska, a Certificate of Purchase in writing bearing date the fifth day of February, 1867, signed by James B. Judd, who at the last mentioned date was Treasurer of said County, from which it appears that C. C. Roberts did, on the fifth day of February, 1867, purchase at Private Sale, sale in said County, the tract, parcel, or lots of land lastly in this Indenture described, which said Real Estate was sold to C. C. Roberts for the sum of Four & 71–100 Dol., that being the amount due on the following tract or lots of land returned delinquent for the non-payment of taxes, costs, and charges for the year 1864, to-wit:

Lots (1) & (2), (3), (5), (6), in Block (14); Lots 4 & 5, in Block (10); Lots 7 & 12, in Block No. (3); Lots No. 11 & 12, in Block No. (4); and Lots No. 11 & 12, in Block No. (5), all in Pawnee City.

And it appearing that the said C. C. Roberts is the legal owner of

is unnecessary to consider the other questions in the case, as in our view the bar of the statute is complete in favor of the defendants.

The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.

## SAME V. SAME.

1. **Tax Deed, though Void, Constitutes Color of Title.** A tax deed which purports to convey the title of real estate to the grantee constitutes color of title, although it may be void by reason of the failure to recite therein the place where the tax sale took place.

2. **Adverse Possession.** A party in the actual, open, notorious, exclusive, adverse possession of real estate for ten years thereby acquires the absolute right to the exclusive possession of the same.

said Certificate of Purchase, and the time fixed by law for redeeming the land therein described having now expired and the same not having been redeemed as provided by law, and the said C. C. Roberts having demanded a Deed for the tract of land mentioned in said Certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for Taxes, Costs, and Charges, as above specified; and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the Tax book or duplicate for the year 1864, and that said lands had been legally advertised for sale for taxes, and were sold on the fifth day of February, 1867;

Now therefore, This Indenture made the sixteenth day of February, 1869, between the State of Nebraska, by Wm. A. Butler, Treasurer of said County of Pawnee, of the first part, and C. C. Roberts of the second part, Witnesseth, That the said party of the first part for and in consideration of the premises and the sum of One Dollar in hand paid hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns forever, the tract or parcel of land mentioned in said Certificate and described as follows, to-wit:

Lots (1), (2), (3), (5) & (6) in Block No. (14), Lots 4 & 5 in Block (10), and Lots 7 & 12 in Bl. No. (3), Lots No. 11 & 12 in Bl. No. 4, and Lots 11 & 12 in Bl. No. (5), all in Pawnee City.

Gatling v. Lane.

3. ———: COLOR OF TITLE is not essential to adverse possession; but where a party does not enter under color of title his possession is limited to the premises actually occupied by him.

4. Constitutional Law: AMENDING STATUTES. The act to amend "the code of civil procedure," approved March 12, 1869, fixing the time within which an action for the recovery of the possession of real estate may be brought at ten years, is not in conflict with the constitution, and is valid.

MOTION for rehearing.

To Have and to Hold said mentioned Tract or Parcel of land with the appurtenances thereunto belonging to the said party of the second part, in as full and ample manner as the said Treasurer of said County is empowered by law to sell the same.

In Witness Whereof the said Wm. A. Butler, Treasurer of said County Pawnee, has hereunto set his hand this the sixteenth day of February, A.D. 1869.

WM. A. BUTLER,

Attest:                    *Treasurer of Pawnee County, State of Nebraska.*
  LOU. C. DECOUDRES,
              *County Clerk.*

In presence of                          [U. S. Rev. Stamp.
  J. F. C. McCASLIN,                       50 Cents Paid
  E. A. FINN.                           W. A. B. Feb. 16, '69.]

THE STATE OF NEBRASKA, } ss.
    PAWNEE COUNTY.      }

On this Eighteenth day of February, A.D. 1869, before me, County Clerk in and for said County, personally appeared above named Wm. A. Butler and acknowledged the execution of the foregoing conveyance to be his voluntary act and deed as such Treasurer; and I further certify that I know the said Wm. A. Butler to be the identical person described in and who executed the above deed as granted, and who is Treasurer of said County of Pawnee in the State of Nebraska.

In Witness Whereof, I have hereunto set my hand and Official Seal the date aforesaid.

[SEAL.]                    *County Clerk, Pawnee County, Neb.*