J. C. PETERSEN ET AL., APPELLEES, V. ALFRED TOWN-
SEND ET AL., APPELLANTS.

[FILED SEPTEMBER 18, 1890.]

1. **Adverse Possession.** The plaintiffs having been in the open, notorious, exclusive, continuous, adverse possession of the real estate in controversy for more than ten years as owners, they thereby became vested of the absolute title to the premises.

2. ———: THE EVIDENCE examined, and *held*, to sustain the decree of the district court.

APPEAL from the district court for Cass county. Heard below before CHAPMAN, J.

*S. P. & E. G. Vanatta*, for appellants, cited: *Liggett v. Morgan*, 11 S. W. Rep. [Mo.], 241.

*W. L. Browne*, contra, cited: *Horbach v. Miller*, 4 Neb., 32; *Gatling v. Lane*, 17 Id., 83; *Haywood v. Thomas*, Id., 240; *Mayberry v. Willoughby*, 5 Id., 368; *Campau v. Du-bois*, 39 Mich., 274; *Tex v. Pflug*, 24 Neb., 667; *Levy v. Yerga*, 25 Id., 766; *Middlesex v. Lane*, 21 N. E. Rep., 228; *Frick v. Sinon*, 17 Pac. Rep., 439; *Riggs v. Riley*, 15 N. E. Rep., 253; *Byers v. Sheplar*, 7 Atl. Rep., 182.

NORVAL, J.

On the 17th day of September, 1888, this suit was commenced in the district court of Cass county, by John C. Petersen *et al.*, to quiet the title to lots 1, 2, 3, and 4, in block 21, Duke's addition to the city of Plattsmouth. The plaintiffs claim that they and their grantors have been in the actual, open, continuous, adverse possession of said lots for more than ten years prior to the commencement of the action. The defendant Bennett denies that the plaintiffs have held adversely for the statutory period. The case was tried to the court, and a decree was rendered quieting the title to all the lots in the plaintiffs, and from the decree, so far as it relates to lots 3 and 4, the defendant Bennett, appeals.

The testimony shows that Alfred Townsend owned the land before it was laid out into lots, and that he conveyed it to one J. S. Duke, who laid it out and platted it, as Duke's addition to Plattsmouth. Duke died in 1872, and the appellant, as administrator of his estate, claims to have procured a license from the district court of Douglas county to sell said real estate. Said lots 3 and 4 were sold by the administrator to one E. B. Lewis on the 20th day of October, 1874, and a deed was subsequently executed to said Lewis by said administrator. On the 18th day of June, 1885, Lewis and wife conveyed, by deed of quit-claim, the lots to appellant Bennett.

It appears in testimony that one Arthur Robinson in September, 1875, purchased an outstanding certificate of tax sale against the lots; that about the 1st of April, 1876, he went into possession of the property claiming it as his own, and lived in the house on lot 2, and made the property his home until sold by him to plaintiffs on the 11th day of August, 1888, when the plaintiffs took possession as owners and have ever since occupied the property. When Robinson went into possession there were no improvements

on lots 3 and 4, but in June, 1876, he enclosed them with a fence.    Subsequently he plowed and cultivated the lots, and planted them to crops.    During all the time both Lewis and Bennett resided in Plattsmouth and asserted no right to the property, nor were the plaintiffs or their grantor Robinson disturbed in their possession.    The plaintiffs and their grantor Robinson have paid the taxes levied upon the property for more than ten years.

It is conceded by the appellant that the plaintiffs, and their immediate grantor, have been in the exclusive pos-session of the property for more than twelve years prior to the bringing of this suit, but it is urged that they did not hold adversely, but recognized the appellant as holding the legal title.    This contention is based upon the fact that at one time Robinson had in view a sale of the premises to one Taylor, and in order to satisfy the contemplated pur-chaser, Robinson offered Bennett $50 to make him a quit-claim deed to the lots.    Bennett having demanded $75, the negotiations ended.    This, according to the testimony of both Bennett and Robinson, occurred about two years be-fore the 29th day of March, 1889, the date of the trial in the lower court.    Robinson's possession of the property dates from April 1, 1876, or thirteen years before the trial. The statute of limitations had therefore run at the time the proposition was made to Bennett.    It is true that Bennett testifies that he had another conversation with Robinson some five years before the trial, about the lots, in which the latter expressed a desire to purchase his title. This was before Bennett had purchased from Lewis.    Rob-inson denies under oath having had any such conversa-tion and the findings of the trial court settle all conflict in the testimony in favor of the appellees.

Again, the evidence does not show that the appellant ever had any valid title to the lots.    He claims through an ad-ministrator's deed to Lewis.    There is an entire lack of proof showing that the estate of Duke was administered

upon in Douglas county, so as to give the district court of that county jurisdiction to grant a license to the administrator to sell the real estate. Neither the papers upon which the license was granted, nor the decree authorizing the administrator to make the sale, are in the bill of exceptions.

It is fully established, by the testimony, that the appellees and their grantor have been in the actual, open, notorious, exclusive, adverse possession of the lots for more than ten years, claiming to be the owners thereof; whatever rights the appellant may have had are barred. The decree of the district court quieting the title to the lots in the plaintiffs was right and is therefore

AFFIRMED.

THE other judges concur.