### W. M. G. CERVENA ET AL. V. WILLIAM THURSTON.

FILED DECEMBER 6, 1899.   No. 9,047.

1. **Verdict:** OBJECTION TO FORM: REVIEW. Objections to the form of a verdict must be made at the time of its rendition, to be available in the appellate court.

2. ———: DESCRIPTION OF REALTY. A verdict for the plaintiff in ejectment, finding that he was the owner and entitled to the possession of "the property described in the petition," is sufficient as to description when the property is clearly and accurately stated in such pleading.

3. **Adverse Possession:** TIME: TITLE. One who has been in the actual, continuous, open, notorious, exclusive, adverse possession of real estate under claim of ownership for ten years, thereby acquires a perfect title to the property, which is not divested by the fact that another person thereafter occupied the premises under claim of right for a period of less than ten years.

4. ———: TITLE. To acquire real property by adverse possession it is not essential that entry should have been made under claim of ownership, if the occupancy was with intent to claim against the true owner.

ERROR from the district court of Gage county. Tried below before LETTON, J. *Reversed.*

*Samuel Rinaker* and *R. S. Bibb*, for plaintiffs in error.

*George A. Murphy* and *William C. Le Hane, contra.*

NORVAL, J.

William Thurston brought ejectment to recover a small strip of land, the petition containing the usual averments in an action of that kind. The defendants answered by a general denial, and also pleaded ten years' adverse possession. This last defense was put in issue by the reply. Verdict was for plaintiff, and defendants have prosecuted error from the judgment entered thereon.

It is first insisted that the verdict was insufficient.

No objection as to the form of the verdict having been made at the time it was returned into court, the point is not available here. See *Parrish v. McNeal*, 36 Nebr., 727; *Roggencamp v. Hargreaves*, 39 Nebr., 540; *Crooker v. Stover*, 41· Nebr., 693. It is true, objection·to the verdict was first made in the motion for a new trial; but this was too late to be of any avail. See *Brumback v. German Nat. Bank*, 46 Nebr., 547. The verdict, however, was sufficient in form and substance, although a specific description of the real estate was not therein given. The jury, in their verdict, found that plaintiff was the owner and entitled, at the commencement of the action, to "the strip and parcel of land described in the plaintiff's petition." The real estate in controversy was specifically described in the petition, and the description referred to and made a part of such verdict. This was sufficient.

Objection is made to the giving of the following instruction tendered by the plaintiff: "1. If you find from the evidence in the case that the plaintiff has a deed to the whole north half of the northeast quarter of section 35, and that he used said eighty acres continuously and uninterruptedly, including the strip in question, for any considerable portion of the time during the last ten years before the filing of this petition, then your verdict should be for the plaintiff, unless you find that the strip in question belongs to the south half of the northeast quarter of said section 35; and the fact that the defendant may have· used the strip of land in dispute, in common with the plaintiff, during the whole period of ten years, will not vest the title of the land in him, and he can not recover under a claim of adverse possession." This instruction was faulty, in that it advised the jury that the defense of adverse possession could not avail, if they found that the plaintiff, continuously and uninterruptedly, used the strip of land in controversy for any considerable portion of the time, during the ten years before the bringing of this action. This was an incorrect statement of the law. Defendants did not plead title by reason of adverse oc-

Cervena v. Thurston.

cupancy of the premises merely, for the ten years immediately before suit, but pleaded such occupancy for more than ten years. Under this instruction, if the defendants had been in the actual, continuous, exclusive and adverse possession of the strip of land in dispute for the full period of ten years, they could not thereby acquire title if, after such adverse holding for ten years, the plaintiff had occupied the property as his own for a considerable length of time. This is not the law. The title is acquired by the adverse occupancy during the stated period of ten years, and is not divested by reason of the fact that some one else subsequently occupied the premises as owner for a period of less than ten years.

Complaint is also made of this instruction: "4. You are instructed that, to constitute adverse possession which will ripen into title in ten years, it is necessary that an entry be actually made upon the land under some claim of ownership, and that the possession be actual, visible, open, notorious, adverse and exclusive for the full period of ten years." The law is not correctly enunciated in the foregoing instruction. To acquire title by adverse possession it is not indispensable that possession of the land be taken under a claim of ownership. A person who goes upon land as a mere trespasser may acquire title by adverse possession if he remains in the visible, open, notorious, adverse and exclusive possession of the premises under claim of ownership for ten years. The intention to acquire title by adverse possession must obtain at the time the statute commences to run. The intention to claim the land need not be entertained when possession is taken. See *Omaha & R. V. R. Co. v. Rickards*, 38 Nebr., 847. It is the occupancy with intent to claim title against the true owner which renders the entry and occupancy adverse. The judgment, for the reasons stated, is

REVERSED.