JOHN FLANAGAN, APPELLEE, V. JOHN MATHIESEN ET AL., IMPLEADED WITH JOHN C. JACOBS ET AL., APPELLANTS.

FILED NOVEMBER 5, 1903.   No. 13,056.

1. **Presumption of Grant of Lands:** PRESCRIPTION.   A grant of lands may be presumed from acts of exclusive use and continuous occupation for ten years or more, when such use and occupation is accompanied by a claim of ownership.

2. **Appeal:** ERROR.   On an appeal in an equity proceeding, error can not be predicated on the action of the trial court in the admission of evidence.

3. **Evidence.**   Evidence examined, and *held* sufficient to sustain the judgment of the district court.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*Hugh Myers, William B. Ten Eyck* and *William A. Saunders,* for appellants.

*Charles W. Haller* and *Benjamin E. B. Kennedy, contra.*

OLDHAM, C.

This is a suit instituted by plaintiff, John Flanagan, against numerous defendants who are the holders of the record title to various lots and blocks in Boyd's addition to the city of Omaha. The material facts underlying the controversy are that, at and prior to the year 1866, Edward B. Taylor was the record owner and in possession of the northeast quarter of the southeast quarter of section 4, township 15, range 13 east, in Douglas county, Nebraska. Some time during the year 1866, John Flanagan, plaintiff in this cause of action, took possession of this tract of land by consent of the record owner. Proof as to what the agreement was under which he took possession is very meager on account of the fact that Taylor had departed this life before suit was entered to quiet this title, and, consequently, plaintiff was disqualified as a witness to the conversation which he had with Taylor at the time he went into possession of the land. The only evidence bearing on this question, contained in the record, is that of Edward A. Taylor, son of Edward B. Taylor, deceased, who testified that "He (meaning his father) told us that he put John (meaning plaintiff) in possession there; that he was going to garden there and in fact farm the land." The only other evidence which may or may not properly throw light on the understanding and agreement between the elder Taylor and plaintiff at the time possession was taken of the land was elicited from plaintiff's wife on cross-examination, who in answer to the question: "Now, did this all belong to the same party?" said: "Forty acres belonged to A. B. Taylor and he gave it all to John for John's hire."

Outside of this testimony, the evidence showed that the plaintiff, who is a colored man and illiterate, had been in the employ of the elder Taylor some time before possession of the land was turned over to him, and that after plaintiff had taken possession of the land, he remained there continuously and cultivated the entire tract of land each year until the year 1885, at which time he conveyed by warranty deed the west half of the tract to one Elmer G. Cochran, who took possession under this deed. It is also in evidence that the land appeared to be of small value at the time the plaintiff took possession of it, and that plaintiff has always resided on the east half of the forty-acre tract of the land.

In 1870, one of the defendants, James E. Boyd, purchased the record title to the east half of this tract of land on which plaintiff resided, and subsequently surveyed and platted this portion of the land as blocks 5, 6, 7, 8, 17, 18, 19 and 20, of Boyd's addition to the city of Omaha, and duly filed his plat for record; that he subsequently conveyed many of the lots now in controversy to various defendants or their grantors. There is some evidence in the record that stakes were driven over the land by the surveyor when the survey was made, and defendants' testimony tends to show that the intersecting streets were marked by furrows plowed through the land. The plowing of the land is disputed by plaintiff, and the testimony is not very certain on this question. There was also evidence that boards were placed on the streets in front of these lots advertising them for sale. Plaintiff, however, denies that he ever noticed any of these boards and says that he could not have read the notices even if they had been there. It clearly appears that, after the land was platted as an addition, plaintiff cultivated it continuously down to the time of the trial of the cause in the court below. The taxes on the land appear to have generally been paid by the record owners and not by plaintiff. Defendant, Hans P. Hansen, the record owner of lot 1, block 17 of the addition, appears from the evidence to have taken actual

18

possession under his deed and to have held the same by himself and his grantees for more than ten years, and the title to this lot was accordingly quieted in the defendant, and no complaint is made of this action of the trial court. Another defendant, Marcus A. Post, who is the record owner of lot 6, block 5, of the addition, likewise established his claim by his record title and the actual possession under it, and this lot was accordingly quieted in him, and of this action no complaint is made. Defendants Belinda M. Engles, Oliver Otis Howard, Minerva C. Tisdale, James E. Boyd, John G. Jacobs, Lillian M. Maul, George J. Weaver, Matthew J. Riley, Peter Swan, Charles P. Coy, and John B. Robinson filed answers in which they asserted ownership in lots 1, 2, 7 and 10, block 5, lots 6 and 7, block 6, block 7, lots 9 and 10, block 17, and lots 1, 2, 3, 8 and 9, block 20, of the addition; all the other defendants named in the petition defaulted, and the court below quieted the title in all the lots in controversy in plaintiff, with the exception of the two lots quieted in defendants Hansen and Post. From this decree all the answering defendants, except Hansen and Post, have appealed to this court.

The contention of appellants in this case is that the evidence, as a whole, shows that plaintiff was holding the land in dispute by permission and not adversely to the claim of the various record owners. We have examined patiently a voluminous record of testimony for the purpose of arriving at an independent conclusion as to what the evidence actually shows. With reference to the nature of plaintiff's holding, this examination reveals the fact that plaintiff has occupied the lands now in dispute since the year 1866; that each year he has cultivated the lands in farm products and vegetables; that if any streets were marked out by plowing furrows through this addition, the plaintiff either did not notice such markings or deliberately plowed over the intersecting streets and alleys and has actually cultivated the entire tract of land for more than thirty years before the bringing of this action. In addition to this the evidence shows that plaintiff has conveyed a number of

lots in the Boyd addition and that he claimed and received damages from the Belt Line Railway when that road was extended through a portion of the lots claimed by him. This claim was made in 1886. While he does not appear to have been a prompt and cheerful taxpayer on the various lots and blocks now in controversy, the evidence does show that he paid the taxes on the west half of the 40-acre tract when he conveyed that portion to Cochran, and also that he paid some taxes on certain of the lots within the Boyd addition. We think that this long continued possession coupled with such acts of ownership is sufficient within itself to raise the presumption of a grant from the record owner of the lands. *Burdick v. Heivly,* 23 Ia. 511; *Commonwealth v. Low,* 3 Pick. (Mass.) 408; *Casey's Lessee v. Inloes,* 1 Gill. (Md.) 430, 39 Am. Dec. 658; *Cannon v. Phillips,* 34 Tenn. 211; *Candler v. Lunsford,* 4 Dev. & Bat. (N. Car.) 18. We are inclined to this view, because from an early day the statute of limitations has been looked upon with favor by the courts of this state as a statute of repose against stale demands, and occupancy of lands, coupled with claim of title and acts of ownership, such as farming and cultivating the soil continuously for a period of ten years or more, has been held sufficient to quiet the title, whether the occupancy is under color of title or not, and whether the original possession was with or without the permission of the record owner. *Gatling v. Lane,* 17 Neb. 77.

Under this view, the next question to determine is whether or not the presumption of ownership arising from this long continued possession and use of the lands is overcome by evidence sufficient to show that the holding was permissive and servient to the title of the record owner. The only evidence in the record relied upon by appellants to sustain this claim is the testimony of E. A. Taylor that his father had said: "He (meaning his father) told us that he put John (meaning plaintiff) in possession there; that he was going to garden there and in fact farm the land." While this evidence tends to show that plaintiff

went into possession of the lands by consent of the record owner, there is nothing in it necessarily inconsistent with the idea that plaintiff was to use and occupy the lands as his own or that he was taking them under an agreement of purchase, since the witness also testified that he had known of plaintiff's occupying the lands ever since the year 1866. We therefore conclude that the legal presumption of ownership attached to plaintiff's long possession and use of the lands is not overcome by the testimony of this witness.

Being satisfied that the judgment of the district court is supported by the clear weight of the testimony, we do not deem it necessary to determine what, if any, weight should be given to the testimony of plaintiff's wife in answer to the question propounded to her on cross-examination. Her legal interest in the property in dispute clearly disqualified her from testifying against the administrator, executor or privies of the deceased with reference to the conversation with the deceased concerning this land, and whether this disqualification was fairly waived by the question propounded to her on cross-examination is very doubtful under the state of the record. Be this as it may, no error can be predicated on the admission of the testimony, as the cause was equitable in its nature and is brought here for review on appeal and not by petition in error. As we regard the evidence fully sufficient to establish the adverse nature of plaintiff's holding through all the term of his occupancy of the lands, without considering the answer to this question, we recommend that the judgment of the trial court be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the opinion, the judgment of the district court is

AFFIRMED.