ANNA M. LARSEN, APPELLEE, v. JOSEPH SANZIERI, APPELLANT.

FILED FEBRUARY 6, 1909. No. 15,463.

Appeal: EJECTMENT: INSTRUCTIONS: WAIVER. In 1893 L., by virtue of an executory contract with P., entered into possession of five acres of land. For ten years L. made payments thereon, and then received a deed from P. for said five acres only. When L.

took such possession, the five acres were part of a larger tract, all of which was uncultivated and covered with brush. By mistake L. encroached on a strip of P.'s land adjoining said five acre tract, cleared and cultivated it, and received the exclusive benefit therefrom for more than ten years. L. testified that he discovered his mistake within a year and held possession adverse to P. *Held*, in ejectment by P.'s grantee against L.'s grantee, that as the court had instructed the jury that unless L.'s possession was hostile in its inception they should find for defendant, and no exception was taken thereto, a verdict for defendant was sustained by the evidence.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*H. Fischer,* for appellant.

*Guy R. C. Read, contra.*

ROOT, J.

Ejectment to recover possession of a strip of land 18 feet in width. Trial to a jury, verdict and judgment for plaintiff. Defendant appeals.

No exception was taken by defendant to any of the court's instructions, nor does he claim that they were erroneous, but asserts that the evidence does not sustain the verdict of the jury. It will be unnecessary to ascertain whether the instructions correctly reflect the law, for, if the verdict responds thereto and is supported by the evidence, the judgment was right, as it was the duty of the jurors to follow said instructions. *Boyesen v. Heidelbrecht,* 56 Neb. 570. The jurors were instructed that plaintiff was entitled to recover unless defendant proved by a preponderance of the evidence that he had acquired title by adverse possession to the land in controversy, and that to establish such defense he must prove that such possession was hostile in its inception and continued uninterruptedly for ten years, was open, notorious, adverse, and exclusive, and held during all of that time under claim of ownership.

28

Emanuel Long, in March, 1893, agreed to purchase five acres of land in Douglas county from Perkins, who resided in Iowa. The tract was covered with brush, and was part of 80 acres then owned by Perkins. Long testified that he went into possession of the five-acre tract by virtue of his contract with Perkins, and took possession of this strip of land which joins his five-acre tract, and that he did not know for a year that said land was not included in his purchase, but that he continued in possession and claimed to own it, not by virtue of his contract with Perkins, but by possession merely; that he never disclosed to Perkins his intentions, but continued regularly to make payments on said land and received a deed for the five-acre tract in 1901; and that he has held undisputed possession of the land in controversy since 1893 or 1894, and enjoyed all profits therefrom until 1905, the date he conveyed the land to defendant, but did not pay any taxes thereon. Defendant has held possession of the disputed tract since 1905, and honestly believed that it was described in Long's deed to him, and has had the exclusive use thereof since his said purchase. Long went into possession under Perkins, and that possession was not hostile, but subject to Perkin's rights, and thus continued for at least a year. *Beer v. Dalton*, 3 Neb. (Unof.), 694; *Kirk v. Taylor's Heirs*, 8 B. Mon. (Ky.) 262; *McKelvain v. Allen*, 58 Tex. 383; *Jackson v. Walker*, 7 Cow. (N. Y.) *637.

Under the instruction that unless Long's possession was hostile in its inception the jurors should find for defendant, they could not do otherwise than to return the verdict that they did. On the other hand, if defendant is entitled to the benefit of the law that possession need not be hostile in its inception, but that the statute would commence to run as soon as such possession was adverse (*Cervena v. Thurston*, 59 Neb. 343), then it was still for the jury to say from Mr. Long's testimony whether that possession ever did become adverse (*Guines v. Saunders*, 87 Mo., 557). Nor was the jury bound to find for defend-

ant upon the uncorroborated testimony of his grantor. *Bush v. Griffin*, 76 Neb. 214; *Knight v. Denman*, 64 Neb. 814.

As controlled by the court's instructions, the evidence cannot be said to be insufficient to sustain the verdict, and the judgment of the district court, therefore, is

AFFIRMED.

FAWCETT, J., not sitting.