JAMES M. WOODCOCK, APPELLEE, v. UNKNOWN HEIRS OF MARY CROSBY ET AL., APPELLEES; E. H. HUBBARD ET AL., APPELLANTS.

FILED JANUARY 16, 1913.   No. 16,912.

1. **Adverse Possession.** "One who has been in the open, notorious, ex-clusive adverse possession of real property for ten years becomes vested with a valid title to the same." *City of Florence v. White,* 50 Neb. 516.

2. ———: EVIDENCE. Evidence of the possession of real property "as owner" is not limited to the declarations or testimony of the claimant under the statute of limitations. The character or quality of the possession and use may be considered as the test.

3. **Appeal: Harmless Error.** The fact that the trial court erred in a part of its finding and decree, and the error is in favor of the otherwise losing party, and does not inhere in the general decree in favor of the successful party, and is without prejudice to the appellant, will not require a reversal of the decree.

Appeal from the district court for Dakota county: Guy T. Graves, Judge. *Affirmed.*

*E. A. Burgess* and *R. E. Evans*, for appellants.

*Alfred Pizey* and *Paul Pizey*, contra.

Reese, C. J.

This is an action to quiet the title to a number of lots in the village of South Sioux City, in Dakota county. A large number of persons were made defendants. The basis of plaintiff's claim, by which he alleges he became the owner of the property described in the petition, is that of adverse possession for more than ten years prior to the commencement of the suit. The possession is alleged to have been taken in the month of March, 1892, and continued up to the time of filing his petition in April, 1909. It appears that the defendants were improperly joined, as their record and paper titles are in many instances separate and several. However, answers and cross-petitions were filed, and, in so far as the answering defendants and cross-petitioners, appellants, were concerned, the causes were tried together, and are so presented to this court. The answers and cross-petitions are substantially alike, and consist of, first, general denials of the averments of the petition, with reference to the occupation and ownership of plaintiff; second, allegations of title in the answering defendants, and demand for an accounting of rents for the time it is alleged that plaintiff has wrongfully held possession, the same being declared to be for less than ten years, and that their titles be quieted. Cross-petitions were not filed by all defendants, the answer consisting

of denials. The cause was tried to the court, and a finding and decree were made and entered in favor of plaintiff and against the appealing defendants.

In the brief of defendants it is stated, no doubt correctly, that, as to the parties before this court, there was a waiver of separate trials, and the causes were tried together, upon the same evidence, although three separate and distinct appeals are involved in and presented by this record, to wit, E. H. Hubbard, as trustee for the Gateway Improvement Company, as to lots 2, 3, 4, 5, 7 and 8, in block 16, Railway addition, Second plat; Rose S. Taylor, as legatee and widow of Henry J. Taylor, deceased, and Edward B. Spaulding, who claim to own jointly lots 6 and 10, in block 16, Railway addition, Second plat; and the heirs of Mary Crosby, as to lot 6, in block 4, in Smiley & George's addition to South Sioux City. What disposition was made of the action, as to other lots and against other defendants, does not concern us in this investigation. The assignment of errors may be fairly said to be: That the findings of the court are not sustained by the evidence; that they are inconsistent; that they should have been in favor of defendants; and that the court erred in not dismissing the suit upon the close of plaintiff's evidence in chief, it being contended that the plaintiff had not shown himself entitled to any relief.

In so far as the plaintiff's possession is concerned, there is little, if any, conflict in the evidence. Stated in a general way, it is to the effect that in the year 1891 or 1892 a portion of the ground at least was grown up in brush, when plaintiff took possession, grubbed it, plowed and cultivated it, inclosing it, and has cultivated it ever since, no one questioning his right or possession. Each year that portion of the land has been cultivated by him or his tenants, principally by himself. Block 16 is situated in what is known as the "Y," which is between two railroad tracks, near their junction. The inclosure was made by the construction of a wire fence extending from and between the fences of the railroad along its right of way

upon either side. In late years that portion of the fence has not been kept up. All the other lots involved in this appeal were fenced and in part cultivated from the date and during the time above stated. The whole time of occupation extended over some 14 to 16 years continuously prior to the commencement of the suit. There seems to be no doubt but that the occupation and use of the property was open, exclusive, continuous, and never questioned. It is claimed by appellants that it was not adverse to the true owners, and that, for that reason, the statute of limitations has not run in plaintiff's favor.

The evidence as to the actual possession of the property in dispute by plaintiff was practically the same at the close of his case in chief as upon the close of the trial and final submission, and the contention that the court erred in overruling the motion to dismiss will be disposed of by the review of the whole case, and need not be further specifically noticed.

The further contention that there is an inconsistency in the decree is not without reason, but we are unable to see that the inconsistency referred to so inheres in the decree rendered as to require its reversal. The criticism is with reference to lot 5, in block 24, Railway addition, Second plat, which is claimed by the Crosby heirs. The evidence as to the possession of that lot is the same as that with reference to the other property. There was no difference in the claim of plaintiff between that lot and the others, and yet the court defeated plaintiff as to it, and the defendants as to all the other property. If plaintiff was entitled to recover at all he was entitled to a decree for the whole. He filed no cross-appeal, and therefore the decision as to the one lot is final. We are unable to find any ground for the distinction. It may have been based upon a letter written by plaintiff to T. F. Crosby on the 19th of February, 1909, in which plaintiff sought to purchase that particular lot, giving his reasons therefor, which need not be noticed here. If the plaintiff's title to any of the property was perfect by adverse possession, it

had been so for at least five years before that letter was written, and the offer to buy could not affect that title. If that was the reason for the decision as to that one lot, it was erroneous, but we are unable to see how it can inure to the benefit of defendants. The prejudice, if any exists, is against plaintiff, and he is not complaining. This leaves the case, as to the other property and appellants, to be disposed of upon the evidence and the law applicable thereto. As we are unable to detect any material or controlling difference between the contentions of appellants, if considered separately, we may not be expected to examine each individual appeal separate and apart from the others, as the same principles of law must be applied to each.

It must be conceded that plaintiff was in the open, continuous, uninterrupted and exclusive possession of the property from at least as early as the year 1894 to the time of the commencement of this suit in 1909, a period of at least 15 years. The evidence tends to prove that the possession began in 1892, which would make the duration of the possession 17 years. While this is not seriously disputed or questioned by defendants, it is urged with much earnestness and no little ability that the possession was not adverse nor under any claim of ownership; that the whole of the possession was a wanton trespass without any claim of right; that it was permissive and without any knowledge or suspicion on the part of appellants that any claim of ownership would be made by plaintiff if allowed to remain in the use of the property. There can be no doubt but that if appellants were at all familiar with the property they knew of plaintiff's possession; that he cleared block 16 of the woods thereon, had inclosed and cultivated it during all those years, and yet no objection was made and no permission given. They may have acquiesced, but there is no evidence of permission. They knew the law that the possession might ripen into a title, depending on the quality of that possession. If plaintiff was a wanton trespasser, they had the full ten

years in which to assert their right and oust him. A lease, or other recognition of their rights, would have prevented the running of the statute if his possession should be adverse, yet no steps were taken until long after the expiration of the statutory period. He undoubtedly was a trespasser at the commencement of his possession. He entered by no color of right, but that would not prevent the statute of limitations running in his favor if the possession continued and was adverse. So far as outward indications could go, he exercised all the rights of ownership by inclosing and cultivating the land, thus excluding all others from the possession. By his testimony and actions he occupied the property *as* owner, that is, as any owner would do. There is no direct evidence that at and during the time plaintiff entered upon and occupied the property he then claimed to be the owner of the same. He was asked the question when upon the stand in rebuttal, but, upon objection being made by defendants, he was not permitted to answer. It is well-settled law that, in order to have the protection of the statute of limitations, the possession of the disseizor must be "as owner," but the method of proving the claim of ownership is not limited to his testimony upon the witness stand, nor to his declarations of ownership during the period of occupation within the time provided by statute. The character or quality of the possession and use are proper to be considered as the test. The clearing and the grubbing of the brush and trees growing thereon, its inclosure so as to exclude all persons who might desire to enter, the annual cultivation of the soil, and the renting or leasing of it to tenants, are all acts indicia of ownership, and are sufficient notice to the rest of the world that the possession is adverse. *City of Florence v. White,* 50 Neb. 516; *Horbach v. Miller,* 4 Neb. 31; *Gatling v. Lane,* 17 Neb. 77, 80; *Lantry v. Parker,* 37 Neb. 353; *Lewon v. Heath,* 53 Neb. 707. In *Ryan v. City of Lincoln,* 85 Neb. 539, while the decision was against the claimant on account of his testimony being such as to negative any claim as owner,

Judge ROOT, in writing the opinion of the court, said: "The fact that the tract had been inclosed by a fence more than ten years preceding 1899, and that plaintiff and his grantors during that time had received all benefits that accrued from an exclusive occupation of the land, unexplained by other evidence, would unquestionably support a judgment in his favor. Those acts, in the words of Judge GANTT, 'are presumptive evidence and evincive of intention to assert ownership over and possession of the property.' *Horbach v. Miller*, 4 Neb. 31. If, however, that presumption is met by the sworn admission of the occupant that in exercising dominion over the land he did not claim to own it, the presumption will disappear."

We conclude therefore that the adverse character of plaintiff's possession is sufficiently proved to sustain the decree of the district court. The contention of defendants that, in order to set the statute of limitations in motion, the possession of the occupant must be as owner is fully recognized, but the claim of ownership may be proved by the circumstances attending the occupation. Certain facts are proved which might bear the construction of a disparagement of plaintiff's claim of ownership; but, as they all occurred subsequent to the complete running of the statute, they are not at all conclusive and need not be discussed.

The judgment of the district court is

AFFIRMED.