ROSA KUH, APPELLANT, V. DENNIS FLYNN, APPELLEE.

FILED JUNE 22, 1922. NO. 22077.

1. **Adverse Possession.** Color of title is not necessary in order to
acquire title by adverse possession, but before a party may claim
title by adverse possession he must for the full statutory period
claim as owner, and his possession must have been under a claim
of ownership.

2. **Evidence** *held* sufficient to sustain the judgment of the trial court.

APPEAL from the district court for Dakota county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*S. T. Frum, Sears, Snyder & Glysteen* and *Vail E.
Purdy,* for appellant.

*W. V. Steuteville, contra.*

Heard before MORRISSEY, C. J., LETTON, ALDRICH and
FLANSBURG, JJ.

MORRISSEY, C. J.

Plaintiff brought this action in ejectment to recover pos-
session of a ten-acre tract of land in Dakota county. Plain-
tiff alleges that at all times since July 21, 1893, she has
been the owner thereof and entitled to its possession. The
answer admits that defendant is in possession of the prem-
ises, denies plaintiff's ownership and right of possession
and, by way of cross-petition, adds a plea of adverse pos-
session and the statute of limitations, and pleads specially
that more than 15 years before the bringing of plaintiff's
action defendant entered into possession of the land; that
it was then covered with underbrush and was in a wild,
uncultivated state and unfenced; that defendant grubbed
out the underbrush, fenced the land and brought it under

cultivation. There is a prayer that plaintiff's petition be dismissed and that title be quieted in defendant. Plaintiff filed a reply denying each of the affirmative allegations of the cross-petition. A jury was waived and the cause tried to the court. The court dismissed plaintiff's petition, made a general finding in favor of defendant on his cross-petition, and entered a decree quieting title in defendant. Plaintiff appeals.

Defendant, to maintain the issues raised by his cross-petition, proved that in 1901 or 1902 he entered into possession of the land; it was then wild and unoccupied and grown up to brush. Defendant was and is lessee of a tract of land adjoining the land in suit, and he has in a degree used the land on which he held the lease and the land in suit for the same general purposes and has kept it inclosed with a fence. In 1903 or 1904 he cleared off two or three acres and reduced it to cultivation. From year to year thereafter he continued to clear off the brush, cultivated the land so cleared, and used that portion of the land not actually in cultivation as a pasture.

Defendant, continued his use and occupation of the premises without interruption until 1920, when plaintiff demanded possession. Thus far there is no dispute in the record. Defendant earnestly contends that during this long period of time he treated the land as his own and claimed it as his own as against all the world. Plaintiff concedes that defendant was in physical possession of the premises, but she denies that he held the possession as owner.

In *Cervena v. Thurston*, 59 Neb. 343, this court has said: "To acquire real property by adverse possession it is not essential that entry should have been made under claim of ownership, if the occupancy was with intent to claim against the true owner."

And in *Knight v. Denman*, 64 Neb. 814, in the body of the opinion it is said: "While the intention to claim the land need not exist at the time of the entry, the statute will not begin to run until the possession is adverse, and

the acts and intention of the occupant are those of an owner."

It will thus be seen that this cause may not be determined alone upon the fact of occupancy, and that the intention of defendant in taking possession of the land and in occupying the same may be of controlling importance. Defendant testified that from his first entry upon the land it was his intention to claim ownership and that through his many years of occupancy he regarded the land as his own. And his neighbors testified as to his assertion of title and claim of ownership. The rule is well settled that color of title is not necessary in order to acquire title by adverse possession. But before a party may claim title by adverse possession he must for the full statutory period claim as owner. And his possession must have been under a claim of ownership.

"The fact of possession and its character, the occupant claiming to be the owner of the premises, is the test." *Gatling v. Lane,* 17 Neb. 77.

The discussion in *Knight v. Denman, supra,* makes this plain. In that case it is pointed out that a plain distinction exists between the use of wild lands by one who has color of title and a similar use by one who has no claim of right whatever. The court said:

"Color of title is a strong evidence in such cases that the acts are those of an owner. One enters upon land under color of title, intending to assert such title. He uses it because he believes himself owner and entitled to use it as such. Not so one who has no title or claim of right or title whatsoever. He may entertain a purpose of occupying as owner and appropriating the property or he may merely intend to trespass from time to time so long as the owner makes no objection."

It is conceded that defendant was without color of title. He took possession of the land and brought it under cultivation, but, although occupying the land nearly twenty years, he never paid any of the taxes which were annually assessed against it. The taxes were paid by plaintiff.

In many jurisdictions the payment of the tax assessed against the property is by statute made essential to the acquisition of title by adverse possession, but there is no such requirement in our statute. In *Bush v. Griffin*, 76 Neb. 214, the failure to pay the tax is said to be entitled to weight as tending to show that the occupant did not intend to claim title as against the rightful owner. However, the general rule as to payment of taxes is:

"Payment of taxes is not an element of adverse possession unless made so by express statutory requirement, and the fact that the owner of land held adversely by another continues to pay the taxes assessed on the land will not preclude the latter from acquiring title thereto by lapse of time." 2 C. J. 203, sec. 414.

It appears that prior to the bringing of this suit defendant offered to reimburse plaintiff for the taxes paid. Plaintiff concedes that this circumstance is not sufficient to divest a title already acquired, but urges its consideration in determining the nature of defendant's claim to the land. This was in no sense an abandonment of defendant's claim of ownership. Defendant might properly feel that plaintiff having released the land from the lien of the taxes lawfully assessed against it should recover her money back, or he had the right to buy his peace and if possible avoid an impending lawsuit.

The proof brings this case clearly within the rules announced in *Woodcock v. Unknown Heirs of Crosby*, 92 Neb. 723, and the cases therein cited, and the judgment is

AFFIRMED.