ANDREW J. PERRY, APPELLANT, V. MAUDE M. PERRY MARKLE ET AL., APPELLEES.

FILED MAY 10, 1934. No. 28965.

*Frank A. Peterson, William Niklaus* and *M. H. Worlock*, for appellant.

*Flansburg, Lee & Sheldahl* and *Lyle E. Jackson, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and TEWELL, District Judge.

GOOD, J.

This is an action for the foreclosure of a real estate mortgage. Defendants had decree, and plaintiff has appealed.

Plaintiff's petition is in the usual form for the foreclosure of a mortgage. The mortgagor is deceased, and defendants are his children, their spouses and the administrator of his estate. For defenses they allege laches, statute of limitations and satisfaction of the mortgage.

The record discloses that the mortgagor, Samuel H. Perry, acquired title to the mortgaged premises in 1914. He was then a widower with five children. He told his children that he was buying this land for them. October 18, 1915, he executed a warranty deed, conveying the land in question to his five children. This deed was recorded July 17, 1916. The mortgage bears date May 4, 1916, and was due May 1, 1921. It was not recorded until November 24, 1930, and after the death of the mortgagor. At the time this mortgage was given the children of the mortgagor were in possession of the land, claiming as owners under their deed, and have been in the undisputed possession thereof, with the exception hereinafter noted, until the present time. None of the children had any knowledge or information that plaintiff held, or was claiming to hold, a mortgage on the land until after it was recorded and about the time of the commencement of this action. During the years that they have been in possession they have improved the land by putting up fences and building a cistern and water-works, expending a large sum of money, and one of the defendants has purchased a tract of six acres, adjoining the land, on which are substantial buildings, used in connection with

the farm, and which tract and buildings would be of little value except in connection with the mortgaged premises.

It appears that one of the mortgagor's children died, without issue and unmarried, in 1917, and the mortgagor, by reason of the death of this child, became again the owner of an undivided one-fifth interest in the land. Some time later he executed a quitclaim deed of this undivided one-fifth interest in the land to his four surviving children.

It appears that in 1919 plaintiff took from Samuel H. Perry a new note for $19,006.30, secured by a trust deed on 320 acres of land in Dawes county, Nebraska. This note and trust deed represented the original indebtedness of $15,000, plus some additional amount. The later note, by its terms, matured in 1920, one year prior to maturity of the note for $15,000. The rate of interest upon the 15,000-dollar note was 6½ per cent. and on the later note 7 per cent. When, on the witness-stand, he was asked why he had kept the 15,000-dollar mortgage off the record, plaintiff answered: "Well, he was my twin brother and I never found any kick with him and I thought his papers was all right and I just put it away. That is all the reason I did it." It is somewhat significant that the later trust deed was recorded, and when there was default in its conditions plaintiff instituted proceedings and obtained a decree of foreclosure during the lifetime of his brother. He obtained and for a long time has held possession of the Dawes county land, and has received the rents and profits thereof down to the present time. All the amounts that have been received from rents and profits have been credited upon the later note, no part having been credited on the 15,000-dollar note.

After the death of the mortgagor, plaintiff filed in the county court against the estate of his deceased brother what he terms a contingent claim, based upon the note for $19,006.30, and in that statement recites that it is secured by a collateral note and mortgage for $15,000

(evidently referring to the note and mortgage involved in this action). The trial court found generally for defendants; that plaintiff's cause of action was barred by laches and statute of limitations, and that the mortgage had been canceled by the taking of the subsequent note and trust deed for $19,006.30.

Plaintiff insists that there is not sufficient evidence of the delivery of the deed by Samuel H. Perry to his children in 1915. The record discloses that the deed was executed and acknowledged and turned over to one of the grantees, and that some one of them has had possession of it ever since. It was recorded a few months after its execution. Later, it appears, Samuel H. Perry made application for a loan upon this land after he had inherited an undivided one-fifth interest therein, and that a mortgage was executed upon the land in which he and the four surviving children joined. There can be little question that Samuel H. Perry recognized that the deed had been delivered and that his children had title to the land. We think the assignment that there is not sufficient evidence of the delivery of the deed is not well taken.

It appears without question that the defendants were in the actual possession of the land prior to the execution of the mortgage in controversy, and that they have been so in possession for more than ten years, claiming title thereto. Plaintiff, when he took his mortgage, was required to take notice of the rights of persons then in possession of the land and of their claims thereto. It appears beyond question that, as to at least four-fifths interest in the land, plaintiff's cause of action is barred by the statute of limitations, because the defendants, as to such four-fifths interest, have had open, notorious, exclusive, adverse possession of the land for more than ten years after the execution of the mortgage and prior to the bringing of the action. *Gatling v. Lane,* 17 Neb. 77; *D'Gette v. Sheldon,* 27 Neb. 829; *Petersen v. Townsend,* 30 Neb. 373; *Alexander v. Wilcox,* 30 Neb. 793; *Omaha & Florence Loan & Trust Co. v. Hansen,* 32 Neb.

449; *Ballou v. Sherwood*, 32 Neb. 666; *Flanagan v. Mathiesen*, 70 Neb. 223; *Erickson v. Crosby*, 100 Neb. 372; *Laughlin v. Gardiner*, 104 Neb. 237.

Plaintiff has had at least constructive, if not actual, notice of the deed from Samuel H. Perry to his five children since July, 1916. With this knowledge, he has permitted them to not only occupy the land, but to improve it and expend considerable sums of money in placing improvements thereon, without disclosing to them that he had any mortgage, or claim to a mortgage, until after the death of his brother, the mortgagor, which would render it difficult for defendants to prove satisfaction of the mortgage; nor can they be restored to the position they were in prior to the spending of money in placing improvements on the farm.

"In equity, unreasonable delay, independently of any statute of limitations, may operate as a bar to relief, if prejudical to adverse party." *Tombrink v. Sarpy County*, 120 Neb. 160. See, also, *Hawley v. Von Lanken*, 75 Neb. 597; *Severson v. McKenzie*, 122 Neb. 827.

In 41 C. J. 874, it is said: "Independently of the statute of limitations, a court of equity may refuse to decree the foreclosure of a mortgage, where complainant has been guilty of very great and unreasonable delay in instituting his proceedings, such as to raise the presumption that he has either been paid or has abandoned his claim."

We think the facts disclosed clearly show that, when plaintiff took the later note for $19,006.30, which included and represented the same indebtedness as that represented by the 15,000-dollar note and mortgage, and which, by its terms, matured a year earlier than the 15,000-dollar mortgage, and which bore a higher rate of interest, the fact that all credits which had been made have been upon that note and none of them upon the older, or 15,000-dollar note, is strong evidence tending to show that it was the intention of the parties that the 15,000-dollar mortgage should be extinguished and merge in the later trust deed.

34

We are convinced that the facts disclosed by the record are sufficient to sustain the findings of the trial court in all respects, and the judgment should be and is

AFFIRMED.