STATE, EX REL. JULIUS HAHLER, RELATOR, v. HANSON M. GRIMES, DISTRICT JUDGE, RESPONDENT.

FILED SEPTEMBER 26, 1914. No. 18,794.

1. **Injunction:** JURISDICTION. A judge of the district court having both common law and equity jurisdiction has the power to allow a temporary order of injunction in a proper case pending in his court, notwithstanding the amendment of the statute as contained in section 7793, Rev. St. 1913.

2. ———: ADVERSE POSSESSION: RAILROADS: RIGHT OF WAY. A temporary injunction should not be allowed which takes the possession of real estate from one of the litigants and awards it to another; but the title of the Union Pacific Railroad Company in its right of way granted by the act of congress is for the benefit of the public, and prior to June 24, 1912, could not be divested either by conveyance or adverse possession, and no one by occupancy thereof could obtain such title or possession as will be protected by the courts.

3. **Mandamus:** DISSOLUTION OF INJUNCTION. The judge of the district court having jurisdiction to allow a temporary order of injunction will not be compelled by mandamus to dissolve or set aside his order, unless it clearly appears that he has abused his discretion or exceeded his jurisdiction.

Original proceeding in mandamus to compel respondent to dissolve a temporary injunction. *Alternative writ quashed, and action dismissed.*

*Hoagland & Hoagland,* for relator.

*A. Muldoon, Wilcox & Halligan, Edson Rich, Myron L. Learned* and *B. W. Scandrett, contra.*

BARNES, J.

This action was commenced in the supreme court as an original application for a peremptory writ of mandamus directed to Hanson M. Grimes, as judge of the district court for Lincoln county, to compel him to dissolve a temporary order of injunction allowed by him as such judge in an action pending in his court in which the Union Pacific Railroad Company is the plaintiff and the relator herein is the defendant.

In support of his application the relator contends that, under section 7793, Rev. St. 1913, as amended, the district court has no jurisdiction to grant a temporary order of injunction. The district court has both common law and equity jurisdiction, and, in the absence of any statutory restriction, has jurisdiction and power to award either a restraining order, a temporary writ, or a permanent writ of injunction in a proper case involving its equity jurisdiction. 1 High, Injunctions (4th ed.) secs. 11-15.

An alternative writ was allowed and served, and by the return of the respondent thereto, the original application, and the affidavits filed in its support, it appears that the action in which the temporary order of injunction was allowed was commenced by the Union Pacific Railroad Company to prevent the defendant therein, who is the relator in this case, from interfering with the railroad company in constructing a service track located wholly on a strip of land 400 feet in width, as granted by the act of congress of July 1, 1862, for the location and construction of the Union Pacific Railroad over and across the public lands of the United States. This fact is not disputed by

State, ex rel. Hahler, v. Grimes.

the relator, but it is his contention that this land is not a part of the right of way, and, even if it is, that he has acquired title to that part of the company's right of way which he or his grantor had enclosed with a fence as a part of his own lot adjoining such right of way, first, by adverse possession for more than 30 years; and, second, by the conveyance to his grantor, which he claims has been construed, or ought to be construed, to convey title thereto.

It is also relator's contention that the respondent had no power, jurisdiction or authority to allow a temporary order of injunction which has the effect to dispossess the relator of his real property. In support of this contention the relator cites *State v. Graves,* 66 Neb. 17; *Calvert v. State,* 34 Neb. 616; *Warlier v. Williams,* 53 Neb. 143; *Wehmer v. Fokenga,* 57 Neb. 510; *Coppom v. Forman,* 74 Neb. 275. The rule announced in those cases seems to accord with the relator's contention, but as we view the undisputed facts of this case the rule does not apply. The relator has missed the real question. It appears in the present action that in the case in which the temporary order of injunction was allowed the railroad company had filed a petition in equity in which, among other things, it was prayed that the relator be restrained from interfering with the company in the construction of a side or service track upon its right of way. The order complained of followed the prayer of the petition, and was allowed on notice after a full hearing on the application therefor, in which the relator presented all of his objections to the allowance of the writ. The application and the conceded facts show that the tract of land to which the relator claimed title was a part of the railroad company's right of way granted to it by the act of congress of July 1, 1862, and was a strip 100 feet wide and 264 feet long, which lay wholly within the company's right of way, which was 400 feet in width, as granted by that act. The courts have construed the act of congress to give the company an easement in its right of way which the company itself could

96 Neb. 46

not sell, or in any way alienate, for the reason that it was granted for a public purpose which the company could not defeat, and the company was entitled to reclaim every part of the right of way at any time when it became convenient or necessary to construct its tracks thereon. *St. Joseph & D. C. R. Co. v. Baldwin*, 103 U. S. 426; *Rider v. Burlington & M. R. R. Co.*, 14 Neb. 120; *Jamestown & N. R. Co. v. Jones*, 177 U. S. 125; *Bybee v. Oregon & C. R. Co.*, 139 U. S. 663; *Northern P. R. Co. v. Hasse*, 197 U. S. 9; *Stuart v. Union P. R. Co.*, 227 U. S. 342; *Union P. R. Co. v. Snow*, 231 U. S. 204; *Kindred v. Union P. R. Co.*, 225 U. S. 582.

It has been further held that by the grant the width of the railroad company's right of way was conclusively determined, and its right thereto could not be defeated by adverse possession. *Northern P. R. Co. v. Smith*, 171 U. S. 260; *Northern P. R. Co. v. Townsend*, 190 U. S. 267; *McLucas v. St. Joseph & G. I. R. Co.*, 67 Neb. 603, 612; *Northern P. R. Co. v. Ely*, 197 U. S. 1; *Webb v. Board of Commissioners*, 52 Kan. 375; *Grand Trunk R. Co. v. Richardson*, 91 U. S. 454.

It is contended, however, by the relator, that the railroad company is estopped to construct its service track because it had permitted the respondent to fence and occupy a part of its right of way. In *Union P. R. Co. v. Ely*, 197 U. S. 1, it appears to have been held by the supreme court of the United States that, it being beyond the power of the company to alienate any portion of its right of way, no right therein could be acquired by any one by adverse possession, and therefore no one could acquire any right therein by an estoppel. It would therefore follow that the relator's acts were merely permissive; that he had never acquired any title to the tract of land in controversy either by conveyance or by adverse possession. If this be true, then the allowance of the temporary injunction did not, as a matter of fact, or in effect, oust the relator of possession of the land in question or transfer the possession of it to the railroad company, for the railroad company was, and at all times had been, in the constructive possession at least of all of its right of way. The

relator's occupancy had been simply permissive, and, when the company proposed to construct its switch or service track thereon, the relator, if he interfered with such construction, was entitled to no more rights than an ordinary trespasser.

It also appears that the relator's contention that the right he claimed to the land by reason of what he insisted he had obtained by a construction of the conveyances was not sufficiently established to deprive the court of jurisdiction to issue the temporary injunction. The conveyance through which relator claims describes the land conveyed by metes and bounds as follows:

"A part of the southeast quarter of section No. thirty-three (33) in township No. fourteen (14) north of range No. thirty (30) west of the sixth principal meridian, bounded as follows, viz.: commencing at the southeast corner of said section, thence north 1,700 feet, more or less, on the east line of section to intersection of a line 200 feet south of and parallel to the main track of the Union Pacific Railroad, thence westerly along said line 210 feet, more or less, to the northeast corner of block No. 108 of the town of North Platte, thence southerly on east line of blocks No. 108, 109, 138, 139 and 168, 1,750 feet, more or less, to the south line of the section, thence east 510 feet, more or less, on line of section to place of beginning, containing, according to the United States survey, 14 80/100 acres, more or less, reserving, however, to the said Union Pacific Railroad Company all that portion of the land hereby conveyed (if any such there be) which lies within lines drawn parallel with and 100 feet, on each side, distant from the center line of its road, as now constructed, and any greater width, if necessary, permanently to include all their cuts, embankments, and ditches and other works necessary to secure and protect their main line.

"This conveyance is also upon the condition that the grantees herein, their heirs, and administrators and assigns, shall erect and maintain a lawful fence between that portion of the premises hereby conveyed adjoining

the road of said company (if any such there be) and the road of said company upon a line 100 feet distant from the center line of such road, and parallel therewith in all cases in which such fence is required by law, or may be required by said company."

It thus appears that the land in dispute is not included in the description of the land conveyed by that instrument. The conveyance, however, contains a recitation which, it is contended, creates an ambiguity therein, and that the subsequent conduct of the parties shows that they construed it to convey the land in question. The reservation clause, however, plainly shows upon its face, and by the connection in which it is used, that it was intended to apply only when there was no definite provision in the conveyance which would reserve a right of way, and it has no application where the land conveyed as described in the deed does not include the right of way, as clearly appears to be the fact in this case.

In *Keplinger v. Woolsey*, 4 Neb. (Unof.) 282, *Agnew v. City of Pawnee City*, 79 Neb. 603, and *Ballinger v. Kinney*, 87 Neb. 342, it was held that injunction is the proper remedy to prevent an interference with the enjoyment of an easement. The relator's contention that the act of congress of June 24, 1912, aids him is of no force, for the courts have held that that act was not retroactive in its effect. *Union P. R. Co. v. Laramie Stock Yards Co.*, 231 U. S. 190; *Union P. R. Co. v. Snow*, 231 U. S. 204; *Union P. R. Co. v. Sides*, 231 U. S. 213. It therefore follows that the respondent had jurisdiction to allow the temporary order of injunction of which the relator complains.

From an examination of the application, the writ, and the return of the respondent, together with the affidavits and the evidence of the parties, it cannot be said that the respondent was guilty of any abuse of discretion in the premises. The alternative writ of mandamus is quashed, and the relator's action is

DISMISSED.

ROSE, J., not sitting.