STATE, EX REL. ADAM J. BLAIR, APPELLEE, v. A. A. BISCHOF, COUNTY JUDGE, APPELLANT.

FILED MAY 6, 1921.    No. 21840.

Mandamus: CLAIM AGAINST ESTATE: APPEAL: SUSPENSION OF PAYMENT. It is within the judicial discretion of the county court (Rev. St. 1913, secs. 1399, 1400), in an administration proceeding, to suspend the payment of a disputed claim during the pendency of an appeal from an order allowing the claim, taken from the district court to the supreme court, though no supersedeas bond is given, and such discretion cannot be arbitrarily interfered with by mandamus.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. Reversed and dismissed.

Paul Jessen, L. F. Jackson and D. W. Livingston, for appellant.

State, ex rel. Blair,. v. Bischof.

*W. F. Moran, contra.*

FLANSBURG, J.

Mandamus issued from the district court for Otoe county, directing the county judge of Otoe county to require the administrator of an estate, then being administered in the county court, to pay a creditor's claim.

The claim had been presented in the county court and allowed. From the order of allowance the administrator refused to appeal, and an appeal was taken to the district court by the heirs. In the district court the claim, in the amount of $13,000, was again allowed and judgment entered in that amount. The district court refused to fix the amount of a supersedeas for an appeal to the supreme court. A supersedeas bond was nevertheless filed. This the district court refused to recognize, holding that it was insufficient under the statute, and certified its judgment of $13,000, on the claim, to the county court. The county judge thereupon issued a citation upon the administrator to show cause why the claim should not be paid. At that hearing the heirs intervened and made showing that an appeal had been taken from the district court to the supreme court. The county judge then suspended payment to await the final outcome of the case on that appeal.

On application of the claimant, the district court issued a peremptory writ of mandamus, requiring the county judge to immediately pay the claim. This order the district court refused to supersede. Application was made by respondent for 10 days' time in which to apply to the supreme court for a supersedeas, but this was also denied. Respondent immediately, on the same day, applied to the supreme court for a suspension of execution and time to make a showing for a supersedeas, and this application was by this court allowed. Respondent, however, in the meantime, complied with the writ of mandamus, doing so a short time previous to receiving notice of this court's action. The claim was thereupon, under order of the county court, paid to the claimant by the administrator.

It is unnecessary to determine in this case the suffi-

ciency of the bond, filed by the heirs in the district court, to supersede the judgment, pending the appeal from the decision of that court. It is our opinion that the writ of mandamus, directing the county judge to order the claim paid, was, in any event, unwarranted, and an undue interference with the jurisdiction and judicial functions which are, by law, delegated to him. The district court may enter its judgment on an appealed claim and notify the county court of its decision, but cannot control nor direct the county court in the administration of the estate, nor distribution of the assets in any of those steps in the proceeding where the county court is vested with a judicial discretion.

By section 1399, Rev. St. 1913, with regard to the payment of claims in the county court, it is provided that, "if an appeal shall have been taken, and shall remain undetermined, the court may suspend the decree for the payment of debts," until the final outcome of the matter on appeal.

It is the function of the county court to protect the rights of the parties interested in the estate. Even though no supersedeas is given, the county court is not required by statute to immediately order the payment of a claim, but, pending appeal, may, in its discretion, suspend payment. This provision is for the obvious purpose of protecting the estate. Should a claim be paid pending appeal, where supersedeas is not given, and then the claim, in the final outcome of the case, be denied, and should the claimant, to whom the money had been paid, prove insolvent or be beyond the jurisdiction of the court, restoration of those proceeds to the estate might be rendered impossible. See *In re Estate of Jones*, 83 Neb. 841. The matter of suspending payment during appeal is a matter resting in the sound discretion of the county court, and hence cannot be arbitrarily interfered with by mandamus. *State v. Laflin*, 40 Neb. 441; *State v. Churchill*, 37 Neb. 702; *State v. Grimes*, 96 Neb. 719.

The judgment granting the writ of mandamus is, there-

fore, reversed and the action dismissed.

REVERSED AND DISMISSED.