ALBERT EDHOLM, APPELLANT, V. MISSOURI PACIFIC RAIL-
ROAD CORPORATION IN NEBRASKA, APPELLEE.

FILED NOVEMBER 19, 1926.   No. 24253.

1. **Railroads.** Under the provisions of section 4, art. X of the
   Constitution of Nebraska, railroads in this state are public
   highways.

2. **Adverse Possession:** RAILROAD RIGHT OF WAY. "The general
   public has the same interest in the preservation and maintenance
   of railroads as it has in the maintenance of other highways, and
   the title to a part of a railroad's right of way, while such road
   is being operated as a common carrier, cannot be divested by
   adverse possession." *McLucas v. St. Joseph & G. I. R. Co.*, 67
   Neb. 603.

3. ———: ———. Lands acquired for right of way purposes by
   a railway corporation under condemnation proceedings, in the
   exercise of the power of eminent domain, and over which the
   company constructs and operates a railroad, are dedicated to a
   public use, and title thereto may not be divested by adverse
   possession, so long as the railroad is operated over the right
   of way.

APPEAL from the district court for Douglas county:
WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*Carl E. Herring* and *Edward F. Leary,* for appellant.

*J. A. C. Kennedy* and *Charles F. McLaughlin, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD
and THOMPSON, JJ.

GOOD, J.

Plaintiff sued to quiet title to certain particularly de-
scribed tracts of land in the city of Omaha, basing his claim
of title on continuous, hostile, adverse possession thereof,
under claim of right by him and his predecessors in title
for a period of more than ten years antedating the com-
mencement of this action. The defendant answered and set
up that it was a railway corporation; that the tracts of land
in controversy formed a part of its right of way for rail-
way purposes and had been obtained by condemnation pro-

ceedings in the exercise of the right of eminent domain, and denied that plaintiff's possession was adverse to the rights of the defendant. A trial of the issues resulted in a finding and judgment for the defendant. The trial court based its decision upon the proposition that the title to the tracts in question, having been acquired by condemnation for right of way purposes for a railway, is subject neither to voluntary alienation nor to adverse possession as to any part of such right of way, while said right of way is used for railway purposes. The plaintiff appeals.

That the tracts of land in controversy were within and constituted a part of defendant's right of way, that such right of way was obtained by condemnation proceedings in the exercise of the power of eminent domain, and that defendant, or its predecessors, had constructed a line of railway over such right of way and at all times since has operated thereon a line of railway, running trains daily, are facts either admitted or conclusively established. That plaintiff and his predecessors in title had been in the open, continuous possession of that part of the right of way in dispute and asserting title and right in themselves for a period of more than ten years antedating the commencement of this action is also conclusively established.

If a right of way for the construction of a railway acquired by condemnation proceedings is not subject to be alienated by adverse possession so long as a railroad is operated thereon, the judgment should be affirmed.

The rule is well established by the decisions of the United States supreme court that title by adverse possession cannot be acquired to any part of a railroad right of way that is granted by act of congress over public lands. *Northern P. R. Co. v. Townsend*, 190 U. S. 267; *Union P. R. Co. v. Laramie Stock Yards Co.*, 231 U. S. 190. This rule has been adopted and followed in this court in the following cases: *McLucas v. St. Joseph & G. I. R. Co.*, 67 Neb. 603, 612; *State v. Grimes*, 96 Neb. 719; *Union P. R. Co. v. Wooster*, 104 Neb. 421; *Etheredge v. Chicago, B. & Q. R. Co.*, 105 Neb. 778.

Whether title by adverse possession may be acquired to lands forming a part of the right of way of a railroad corporation, acquired in the exercise of the power of eminent domain, is an open question in this state. It is true that in *McLucas v. St. Joseph & G. I. R. Co.*, 67 Neb. 603, the rule was laid down that such title could not be acquired, and upon a rehearing a like holding was made, but based upon the ground that the right of way had been acquired by grant from the congress of the United States, and following the rule laid down in *Northern P. R. Co. v. Townsend, supra.* In the later opinion it was announced that the applicability of the limitation of law to actions brought by a railroad company to recover lands, acquired for right of way purposes by condemnation or purchase, was an open question, and the court declined to either affirm or repudiate the doctrine announced in the first opinion.

It may be conceded that the rule announced in most state jurisdictions is that title to a part of a railroad right of way, obtained by condemnation proceedings, may be divested by adverse possession. From the reported decisions, however, it is not apparent whether the states so holding have the same constitutional and statutory provisions as exist in this state. By section 4, art. X of our Constitution, railroads are made public highways, free to all persons for the transportation of persons and property thereon, under such regulation as may be prescribed by law, and section 6, art. X of the Constitution, provides: "The exercise of the power and the right of eminent domain shall never be so construed or abridged as to prevent the taking by the legislature of the property and franchises of incorporated companies already organized, or hereafter to be organized, and subjecting them to the public necessity the same as of individuals." Under the laws of this state a railway company may, by condemnation proceedings, in the exercise of the power of eminent domain, acquire a right of possession and easement over real estate for the purpose of constructing and operating a railway. It may acquire such right only for a public use. It is not within the power

of a railway company to take, by condemnation proceedings, the right of possession of a private owner of lands for any other purpose than for a public use, and it holds the right of possession only for such purpose. It is also apparent that under our constitutional provisions the public itself, at any time that public necessity requires, may take possession and use the property of a railway corporation, including its right of way, for the public good. A railway company may not, by its voluntary act, alienate its right of way to private individuals, to be used for private purposes inconsistent with that for which the right of way was acquired. If it could do so, then it would be possible to condemn and take private property, ostensibly for a public purpose, and immediately convert it for a private purpose. It would be permitting, by indirection, the condemnation of private property for a private purpose, which our law does not sanction. If a railway company cannot voluntarily alienate any part of its right of way so long as it is using the same for railway purposes, it is difficult to perceive how, by its inaction, it can permit title to be acquired, and it is also difficult to perceive how one can acquire a greater right against a railway company by adverse possession than he can acquire by a conveyance from it. If the railroad right of way, or a part thereof, may be divested by an adverse occupancy, the public might be seriously and injuriously affected, in the exercise of its constitutional rights to take possession when public necessity demands.

By the constitutional provisions above referred to, railways are made public highways, and this court has held in *Lydick v. State,* 61 Neb. 309, and in *Krueger v. Jenkins,* 59 Neb. 641, that title to a part of a county road cannot be acquired by adverse possession. The reason for the holding is that the county had only an easement in the road for a public use; that the county was, in effect, a part of the state sovereignty, and that the statute of limitations was not applicable in such case.

It is true that a different holding has been made by this court with reference to streets and alleys of cities and vil-

In re Estate of Ayer.

lages. The cities and villages held absolute title to the streets and had authority to sell and dispose of them. However, after the decisions of this court, holding that title to city streets might be obtained by adverse possession, the legislature, in 1899, amended the statute so that thereafter title, by adverse possession, to streets, alleys or public grounds belonging to a city or village could not be acquired. Comp. St. 1922, sec. 8507 (Laws 1899, ch. 79).

After a careful consideration of the first opinion in *McLucas v. St. Joseph & G. I. R. Co., supra,* we are satisfied that the principles therein announced are based upon sound reason, and we adopt and adhere to the rule therein stated, basing our decision largely upon our constitutional provisions. We do not wish to be understood as holding that a railroad right of way, obtained by condemnation proceedings, may not be divested by adverse possession when there has been full abandonment of the right of way, such as where the railroad company removes its tracks from the right of way and places them in an entirely different location.

The conclusion herein reached renders it unnecessary to consider other questions raised and discussed in the briefs.

The judgment of the district court is right and is

AFFIRMED.

Note—See Adverse Possession, 2 C. J. p. 217 n, 63; p. 225 n. 50; 2 R. C. L. n. s. 272; 22 R. C. L. 850.