CENTRAL IRRIGATION DISTRICT, APPELLANT, V. GERING
IRRIGATION DISTRICT ET AL., APPELLEES.

FILED JANUARY 7, 1932. No. 27952.

*Raymond & Fitzgerald,* for appellant.

*Morrow & Morrow,* contra.

Heard before ROSE, GOOD, DAY and PAINE, JJ., and
BEGLEY, District Judge.

ROSE, J.

This is a suit in equity commenced by the Central Irri-
gation District, plaintiff, for a perpetual injunction pre-
venting the Gering Irrigation District, Frank Schenbeck
and Olive H. Schenbeck, defendants, from draining water
from a marsh by means of a ditch into plaintiff's irrigation
canal, called the "Central canal."

The Schenbecks own a quarter section of land in Scotts
Bluff county in Gering Irrigation District between the
"Gering canal" and the Central canal. The drainage ditch
of which complaint is made varies in width from one to
two feet, is about a foot deep, extends northward 950 feet
from a marsh on the land of the Schenbecks and empties
into the Central canal. The area of the marsh does not
exceed 15 acres. The ditch therefrom carries seepage and
surface water. The Central canal conveys irrigation waters
eastward. At the mouth of the ditch the southern bank
of the Central canal is two and a half or three feet high.
Further east in a cut the banks reach a height of 13 feet
or more. In the cut the bottom of the canal is practically
level for a considerable distance. No complaint is made
of the water from the drainage ditch during the irrigating

season, but the alleged irreparable damages upon which plaintiff relies for an injunction are said to be caused by ditch water and silt which collect in the cut with weeds and remain there after water for irrigating purposes has been shut off at the intake of the Central canal at the close of the irrigating season. As pleaded by plaintiff, the result is that water and silt from the drainage ditch and weeds which naturally fall or blow into the Central canal in winter freeze in a solid mass in the cut, remain there until the following May, interfere with irrigation and necessitate the cleaning of the Central canal at great expense.

In addition to a plea that water from the drainage ditch does not damage plaintiff in any respect but lessens the expense of cleaning the Central canal, defendants interpose the defense that the Schenbecks, by open, notorious, peaceable, uninterrupted, adverse use of their drainage ditch for more than the statutory period of ten years, acquired an easement permitting them to drain into the Central canal surface waters and seepage from the marsh on their land.

Upon a trial of the cause the district court found the issues in favor of defendants and dismissed the suit. Plaintiff appealed.

Should an injunction be granted? Former owners of the quarter section on which the marsh is situated dug the drainage ditch more than 20 years ago without consulting plaintiff and openly and peaceably maintained and used it without interruption or complaint until they sold the land to the Schenbecks in 1913. The latter thereafter likewise continuously used and maintained the ditch without interruption or complaint until officers of plaintiff asked Frank Schenbeck, defendant, to request the Gering Irrigation District, defendant, to make a cement opening at its expense in the bank of the Central canal at the mouth of the ditch. The request was made and granted in 1925. Later plaintiff closed the ditch at the mouth from time to time, but in each instance the obstruction was promptly removed. These temporary interferences occurred after continuous use of the ditch for more than ten years. Evidence of the

facts outlined is not contradicted. There is nothing to show that the initial drainage of the marsh or the subsequent maintenance and use of the ditch for more than ten years was permissive. A pertinent rule of law applicable to easements was stated in an earlier case as follows:

"Where a landowner has openly, notoriously and continuously used a private way across the land of another for more than the statutory period of ten years, it will be presumed that he did so under a claim of right, and the burden of proving the contrary rests on the owner of the servient estate." *Moll v. Hagerbaumer,* 98 Neb. 555.

This principle is discussed in *Majerus v. Barton,* 92 Neb. 685, where other cases involving the same subject are cited. The following is settled law in Nebraska:

"An easement in real estate may be acquired by open, notorious, peaceable, uninterrupted, adverse possession for the statutory period of ten years." *Omaha & R. V. R. Co. v. Rickards,* 38 Neb. 847. See, also, *Jensen v. Showalter,* 79 Neb. 544; *Agnew v. City of Pawnee City,* 79 Neb. 603; *Dunbar v. O'Brien,* 117 Neb. 245.

If the easement interposed as a defense could lawfully have been acquired by prescription, the evidence shows conclusively that the Schenbecks acquired that right. Notwithstanding the evidence summarized and the rules of law quoted, plaintiff contends, nevertheless, that the Central Irrigation District is a common carrier, made so by statute; that its property is held by it in trust for public purposes; that it was without power to grant the easement pleaded as a defense, and that therefore a private or individual right to use the Central canal for drainage could not be acquired by adverse user. In support of these propositions plaintiff cites sections 46-111 and 46-627, Comp. St. 1929, and also *Edholm v. Missouri P. R. Corporation,* 114 Neb. 845. The position thus taken does not seem to be tenable. The power of an irrigation district is not limited to irrigation alone, but extends to drainage, even beyond district boundaries. Comp St. 1929, sec. 46-132. A preponderance of the evidence shows that there is seepage from the Central

canal into the marsh on the land of the Schenbecks—land in a different irrigation district; that water would eventually flow over the bank into the Central canal if the ditch were closed, thus overflowing the flat bottom of the cut longer than water from the ditch. The better view is that plaintiff had power to grant the easement in the first instance.

*Edholm v. Missouri P. R. Corporation*, 114 Neb. 845, is distinguishable from the case at bar. It is there properly held that title to part of a railroad right of way cannot be divested by adverse possession. Under constitutional and statutory provisions the right to use railroads for the transportation of persons and property is extended alike to the entire public. The right to use water from the canal of an irrigation district is limited to persons owning land therein, the area subject to irrigation by plaintiff being approximately 2,100 acres. Plaintiff has no greater protection from the general law of adverse possession or user than municipalities had before the act of 1899 removed the limitation of time for commencing actions to recover title to or possession of streets and other public grounds. Comp. St. 1929, sec. 20-202. The provisions of that act do not extend to irrigation districts, which are not municipal corporations. *Bliss v. Pathfinder Irrigation District*, p. 203, *post*. Before it was passed, title to or easements in streets were frequently acquired by adverse possession. *Meyer v. City of Lincoln*, 33 Neb. 566; *Lewis v. Baker*, 39 Neb. 636; *Agnew v. City of Pawnee City*, 79 Neb. 603.

The conclusion is that the Schenbecks acquired by prescription an easement to drain water from their marsh into the Central canal. On that ground alone the suit was properly dismissed.

AFFIRMED.